[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 464 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 465 
The decision and judgment rendered at Special Term were clearly erroneous, in requiring the plaintiff to pay the whole purchase-money bid for the lot No. 45 Crosby street, on receiving a conveyance of only a portion of the lot. It is asserted, on the part of the defendants, that they had a good title to the whole lot No. 45 Crosby street, twenty-five feet in width by 100 feet in depth, and that although it was encroached upon by the buildings on the southerly side, to an extent varying from ten to sixteen inches, and making the southerly line jagged and irregular, and this encroachment had existed for more than twenty-five years, yet, that the owners of the encroaching buildings recognized the title of the defendants to the land covered by the encroachment, and had not acquired any title thereto by adverse possession. If this were true, the plaintiff, if he completed his purchase, was entitled to a conveyance of all the title the defendants had, and to his remedy to obtain possession of the entire lot. Yet, the court, by its second conclusion of law and the judgment thereon, required him to pay the entire purchase-money and to accept a deed bounded by the walls of the encroaching buildings, thus leaving the *Page 467 
defendants vested with the title to that part of the lot which was covered by the encroachment. This error was of itself sufficient to justify the order of the General Term reversing the judgment.
But even if the defendants had been required to convey the entire lot, they could not perform their part of the contract, for they had not and could not give possession of that part of the lot which was covered by the encroachment. They could only convey a right of action for its recovery, which they admitted could not be made effectual for a considerable time. The contract was to sell the lot by a good title in fee simple, and to convey it by warranty deed, free and clear of all incumbrances. The land covered by the encroachment is admitted by the defendants to be a part of the lot. Their contract so to sell and convey it would not have been performed by the conveyance of a mere right to bring ejectment for the recovery of the land.
The defendants rely upon the fact that in the memorandum of purchase signed by the plaintiff, the lot is described as the house and lot No. 45 Crosby street, on the east side of Crosby street, "twenty-five feet more or less, front and rear, by 100 feet deep on each side." We think, however, that the insertion of the words "more or less" does not, under the circumstances of the present case, help the defendants. It appears by uncontroverted evidence, and the court was requested to find as fact, that the arrangements for the sale were made on behalf of the defendants by the defendant Samuel T. Knapp. That the encroachment in question was known to him for many years before the sale, yet that printed handbills were prepared and distributed among the persons attending the sale, containing a diagram of the lot, representing it to be regular in shape, with straight lines on each side, and stating, in the printed text, that the lot was twenty-five by one hundred feet in size. That no mention of the encroachment was made at the sale, and the plaintiff bid upon the lot, relying upon the accuracy of the handbill. That the terms of sale were prepared by the counsel for the *Page 468 
defendants, describing the lot as twenty-five feet front and rear, but that, by direction of the defendant Samuel T. Knapp, and with reference to said encroachment, the words "more or less" were interlined after the words twenty-five feet. But no reference was made, in said terms of sale, to the encroachment, and no notice was given to the plaintiff that it existed or that the southerly line was irregular.
We think the judge, at Special Term, should have found these facts as requested, and should have held that a bid obtained by the suppression of a fact so material to the value of the lot could not be enforced.
The order of the General Term should be affirmed, with costs, and judgment absolute against the defendant.
All concur.
Order affirmed.