FREDERICK WAGNER, APPELLANT, *v.* JOHN H. PERRY, RESPONDENT.

*Contract for sale of real estate — suppression of facts — the vendor is not required to make disclosures in regard to the condition of the public records relating to the abutting streets and avenues — the filing of a map by the commissioners of the department of public parks widening an avenue does not defeat the title of the owners — nor does their omission from said map of an existing street thereon close it.*

Upon the trial of this action, brought to recover from the defendant the sum of $250 paid down upon the signing of a contract for the sale of a lot, it appeared that the defendant contracted to sell to the plaintiff a plot of ground, with the house and stable thereon, situate at the north-west corner of Monroe avenue and Gray street, fifty feet front and rear and one hundred feet in depth. The plaintiff refused to accept a deed of the premises upon the ground that the defendant could not convey them to him, free and clear from all encumbrances, as the commissioners of the department of public parks had, on February 21, 1879, filed a map in which they omitted Gray street and changed the name of Monroe avenue to Morris avenue, and laid down Morris avenue as eighty feet wide, that being wider than Monroe avenue had been, which widening took off fifteen feet from the west end of the lot and a portion of the piazza of the house. The plaintiff claimed to recover back the money so paid upon the ground that he had no knowledge of the fact of the widening of Monroe avenue and the closing of Gray street, and that the defendant had suppressed these facts which were known to him.

*Held,* that, under the circumstances, there was no duty imposed upon the defendant which required him to make any disclosure in regard to the condition of the public records relating to the existence of these streets and avenues.

That the filing of the map in question in no way defeated the title of the defendant to the premises until the proceedings provided by the statute had been taken for the purpose of condemning the premises.

*King* v. *Knapp* (59 N. Y., 462) distinguished.

That the filing of the map by the commissioners of the department of public parks, although they omitted Gray street therefrom, did not, under the statutes in force at the time of the filing, close the same.

*Fearing* v. *Irwin* (55 N. Y., 486) distinguished.

APPEAL from a judgment dismissing the complaint, entered upon a trial before the court without a jury.

*C. Miehling*, for the appellant.

*James R. Marvin*, for the respondent.

VAN BRUNT, P. J.:

This action was brought by the plaintiff to recover from the defendant the sum of $250, paid down upon the signing of a contract for the sale of a certain lot of land in the Twenty-fourth ward, and for the sum of $121.31 expenses incurred in examining the title to the same.

On the second of January, 1887, the plaintiff and defendant entered into a contract whereby the defendant contracted to sell to the plaintiff, in consideration of the sum of $4,500, a plot of ground with the house and stable thereon, situate at the north-west corner of Monroe avenue and Gray street, 50 feet front and rear and 100 feet in depth, the plaintiff paying at the time of signing said contract the sum of $250. At the time named in the contract for the closing thereof, the defendant tendered a deed to the plaintiff which the plaintiff refused to accept, upon the ground that the title was not good. The plaintiff thereupon brought this action to recover the said sum of money paid upon the signing of the contract and the expenses for the examination of the title as above stated.

The objections raised to the title at the time of the trial, because of which the plaintiff sought to sustain his action, were that on the 21st of February, 1879, the commissioners of the department of public parks filed a map, in which they omitted Gray street, and changed the name of Monroe avenue to Morris avenue, and laid down Morris avenue as eighty feet wide, being wider than Monroe avenue had been, which widening takes off fifteen feet from the west end of the lot and a portion of the piazza of the house, the plaintiff claiming that he had no knowledge of the fact of the widening of Monroe avenue and the closing of Gray street, and that therefore the defendant could not convey to him free and clear from all incumbrances the premises mentioned in the contract. The grounds of the plaintiff's objections are that the defendant, having agreed to sell a corner lot and being unable to carry out his

agreement, the plaintiff is entitled to recover back the money paid by him, and that the defendant having suppressed the fact of the closing of Gray street and the widening of Monroe avenue, and these facts being material to the sale, the plaintiff is entitled to recover.

As to the latter ground of objection it seems sufficient to say that there is no evidence in the case of any suppression of facts upon the part of the defendant. It is true that he knew of the existence of this map and of the change of the streets indicated therein, but there is no evidence whatever that he in any way concealed this fact from the knowledge of the plaintiff. In fact he had every reason to believe that the plaintiff was possessed of the same knowledge that he was. There was no duty under these circumstances upon the part of the defendant requiring him to make any disclosure in regard to the condition of the public records in reference to the existence of these streets and avenues.

The filing of the map in question in no way defeated the title of the plaintiff to the premises until the proceedings provided by the statute had been taken for the purpose of condemning the premises, and these proceedings may never be taken and the streets as laid down by this map never opened for public use.

The case of *King* v. *Knapp* (59 N. Y., 462), cited to support the claim of the plaintiff in this regard was essentially different in its facts from the one at bar. There it appeared that there had been a suppression of a material fact upon the part of the seller, and that he had distributed diagrams which misdescribed the premises and conveyed no intelligence of the fact that a portion of the lot in question was held adversely to the title which he proposed to convey.

The objection that the defendant had agreed to convey a corner lot and that by reason of the closing of Gray street he was unable to comply with his contract, was not well taken. The filing of the map by the commissioners of the department of public parks, although they omitted Gray street thereupon, did not close the same. At the time of the decision of the case of *Fearing* v. *Irwin* (55 N. Y., 486), chapter 697 of the Laws of 1867, regulated this subject, and by section 3 of that act it was provided that all streets, avenues, etc., theretofore laid out not appearing upon the maps

shall from and after the filing thereof cease to be streets, and the abutting owners shall become seized in fee to the center line thereof. In 1874 the legislature passed an act (chap. 604) upon this same subject, which made material alterations in the act of 1867. The act of 1874 no longer contained the clause which formed the basis of the decision in *Fearing* v. *Irwin* (*supra*). And in the consolidation act of 1882, no provision is contained so far as we have been able to ascertain, providing that upon the filing of a map omitting a street, it shall thereupon cease to be a street as was provided by the act of 1867. And an examination of the consolidation act and the act of 1874, discloses that although provision is made for the opening of avenues and the assessment for benefits and damage, yet no such provision is contained in these acts for the assessment of damage arising by reason of the closing of any street above Fifty-ninth street, such as was contained in the act of 1867, and although the power of discontinuing and closing a street seems to be conferred upon the commissioners, no machinery for the carrying out of such work is provided by the act. Express provision is made for the closing of streets and compensation for the damage arising therefrom below Fifty-ninth street, but for some reason the provisions of the act of 1867, in reference to compensation for damage as to streets closed above Fifty-ninth street, have been omitted.

Therefore the mere filing of the map by the commissioners operated no change such as was commented upon in the case of *Fearing* v. *Irwin* above mentioned, and created no cloud or incumbrance upon the title of the defendant. Under these circumstances, therefore, we think that the complaint was properly dismissed, and that the judgment should be affirmed, with costs.

Brady and Daniels, JJ., concurred.

Judgment affirmed, with costs.