(21 App. Div. 236.)

BRENNAN v. STORM et al.

(Supreme Court, Appellate Division, Second Department. October 26, 1897.)

1. WILLS—CONSTRUCTION—VESTED REMAINDERS—ESTOPPEL.
   A testamentary trustee of real property was created to receive and apply the rents to the use of H. for life, remainder to the issue of H. living at his death, subject to power in the trustee to sell and convey, pending the trust, for reinvestment. The trustee conveyed to H.'s wife, for a nominal consideration, and for a purpose not contemplated by the power. H. had three children, all adults, who, with H., requested this conveyance, and joined in executing releases of the trustee, and agreements to indemnify him against liability. Held, that, so far as concerned the children of H., they had a vested, though defeasible, remainder, which was alienable, and that they were barred by valid estoppel from asserting any claim or estate in the premises.

2. SAME—TRUSTS—CONVEYANCE BY BENEFICIARY—ESTOPPEL.
   Thereafter H.'s wife and H. mortgaged the premises, and plaintiff bought them on foreclosure. Held, that under 1 Rev. St. p. 730, § 63, prohibiting the disposition by a beneficiary of such a trust of his interest therein, H. was not estopped, either by his own acts, or by the judgment of foreclosure, from insisting upon the continued execution of the trust, and as the notice of foreclosure sale had referred to other possible defects, but not to this, plaintiff should be relieved of his purchase.

Appeal from special term, Kings county.

Application of John T. Brennan to be relieved from a purchase of premises sold in execution of a judgment in the action of George H. Roberts against Sarah A. Storm and others. From an order denying the application, applicant appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Samuel B. Higenbotam, for appellant.
Geo. C. Case, for respondents.

BRADLEY, J. The action was founded upon a mortgage made by the defendants Sarah A. Storm and Harmin V. Storm to George H. Roberts, the plaintiff, on the premises in question, in June, 1890, to secure the payment of $3,600. Harmin V. Storm was the beneficiary of the trust hereinafter mentioned. He had no estate in the

land. 1 Rev. St. p. 729, § 60. The interest of Sarah A. Storm was derived from a deed made by Jacob Vandenberg, the surviving executor of, and trustee of and under the will of, Sarah Storm, deceased, to her, of date June 19, 1889. By her will she devised the premises to the trustees named, or the survivor of them, "in trust, to receive the rents, income, and profits thereof, and apply the same to the use" of her son Harmin V. Storm during his life; and, subject to the trust and power of sale, she devised the premises "to the children or child of said Harmin V. Storm, if any, living at his death, and the descendants of any such child then deceased as shall have left descendants then living. Such descendants of each deceased child to take only the share their deceased parent would have taken if living." The testatrix, in like manner, devised certain other real property to such trustees, in trust, to receive and apply the income to her other son, Peter L. Storm, and remainder to his descendants. Then, if either of those sons should die, leaving no descendants, she devised the entire estate in remainder of the properties to the descendants of the other son. And she gave to the trustees, or the survivor of them, full power to sell and convey any or all the real property within the trust, during its continuance, for the purpose of changing the nature of the investment. The testatrix died in the year 1861. The deed of conveyance of the surviving trustee to Sarah A. Storm was not made for the purposes contemplated by the power of sale given by the will. It was made for a mere nominal consideration, and for the purpose of shifting the title to the grantee, who was the wife of Harmin V. Storm. But it was made at the request of him and of his three children, then of full age, all of whom joined in the execution of an instrument under seal reciting the making and delivery of the deed, and declaring that they released and discharged him, as executor and trustee under the will, and individually, fully from any liability to them and their heirs, etc.; and by another instrument they, in terms, relieved him from the trust, and undertook to indemnify him against any liability arising out of his relation as such trustee, or individually. The three children of Harmin V. Storm had vested estates in remainder in the premises, subject to be defeated by their death before that of their father. 1 Rev. St. p. 723, § 13. And such estates were alienable by them. Moore v. Littel, 41 N. Y. 66. In that view, it would seem that those children were, by their request to have the deed made to Mrs. Storm, and by the instruments executed by them, barred or estopped from asserting any claim or estate in the premises embraced within the deed so made by the trustee to her. The cases relied upon by the appellant's counsel to support his contention that these children of the beneficiary of the trust had no vested estate in the remainder do not, in the view taken of them, have any necessary application to the situation in the present case. In those cases provision was made for something to be done in the future to vest the residuary gift or estate in the persons designated to receive it. In such case the vesting is deemed deferred until that is done. Such was the unreported case of Paget v. Hoadley. In the case at bar the estate in remainder was devised by the will, and consequently no intent is manifested to

suspend the operation of the devise to the children of the son of the testatrix; but she, by the terms of the will, disposed of the entire estate in the premises, of which they took by the devise the defeasible estate in remainder. There was a further contingency, dependent upon the death of all the descendants of Harmin V. Storm before his death. In that event the remainder would go to the other son (Peter L. Storm) of the testatrix, or his descendants, if he or they survive. This contingency was quite remote, in view of the fact that the three children of Harmin V. Storm are still living, and one of them has two children. And while it may not be probable that he will pass over the graves of all of two or more generations of his descendants, into survivorship of them, yet it is possible that he may do so and that such contingency may arise if Peter L. Storm is still living. But as it does not appear by the petition of the appellant that he is living, and as no suggestion is made by counsel on the subject of such a contingency, it may be assumed that, by the death of Peter L. Storm without leaving descendants, it has ceased to exist. It appeared in the notice of sale of the property in execution of the judgment of foreclosure that, pursuant to an order of the supreme court, the title to the property "described and intended to be sold is subject to be defeated in whole or in part if the children of Harmin V. Storm, namely, Samuel C. Storm, Eleanor L. Houghton, and Sarah V. Van Brunt, or any of them, should die before their said father, Harmin V. Storm, leaving a child or children them surviving; and this property is sold subject to such contingency." By this announcement in the notice and at the sale, it may fairly have been understood by the purchaser that such were the only contingencies upon which the title of the property to be sold could be defeated, wholly or partially, by any adverse claim. And, if such were the case, the purchaser cannot be relieved from his purchase.

There is, however, another question, which relates to the standing of Harmin V. Storm in his relation as beneficiary to the trust. It is said that he requested the conveyance to be made which was made by the trustee to his wife, and he joined with his children in the execution of the instruments before mentioned. But, having no estate in the property, he could not assign or dispose of his interest in the income, rents, and profits which he, as the beneficiary of the trust, was entitled to receive. 1 Rev. St. p. 730, § 63; Noyes v. Blakeman, 6 N. Y. 567. How, then, could he bar or estop himself from asserting his right to require the execution of the trust in his behalf by any voluntary act on his part? He was made a party defendant in the foreclosure action, and, although the judgment does not appear in the appeal book, it may be assumed that by it he was, in terms, barred and foreclosed of all right, claim, lien, and equity of redemption in the mortgaged premises. This did not include his relation as beneficiary of the trust, for the reason, as has been observed, that it constituted no estate or interest in the land. The title was by the will vested in the trustees for the purposes of the trust. We now see no satisfactory answer to the proposition that the beneficiary may, notwithstanding anything appearing in the papers presented on this review, insist upon the execution of the trust created

in his behalf by the will, since, as against all the persons who by the terms of the will might take anything issuing from the premises, or any estate therein, upon any contingency, and are not denied that right by their alienation or estoppel, the deed of the trustee to Mrs. Storm will be deemed as made in contravention of the trust, and therefore treated as void. The policy of the statute is that the purpose of the creation of a trust for the benefit of a beneficiary of the rents and profits shall be observed, and that the execution of the trust be not defeated during the prescribed term, even by the person in whose behalf it is made, so long as he has no estate or interest in the trust property or fund. Nor is the income, within the limit of the amount requisite and suitable for the support of the beneficiary, subject to the claim of his creditors. The existence of the right of the beneficiary of this trust to require its execution indicates more than an incumbrance on the property. Its consequence is title in the trustee during the life of the beneficiary. It does not appear to us that the appellant was advised of this situation, or of the trust created by the will in relation to the premises. This fact seems to be entitled to more significance than if the sale had not been accompanied by the notice above referred to, purporting to state the condition of the title, or the contingencies upon which that taken by the purchaser at the sale might be defeated. In the view taken, the appellant may have been misled by this notice; and whether he may not be subject to prejudicial consequences, in respect to the title, from the trust created by the will, for the reasons before suggested, if he completes his purchase by taking a deed, is a question of sufficient moment to entitle him to relief.

The order should therefore be reversed, and motion granted. All concur.