SELETSKY v. THIRD AVE. R. CO.

(Supreme Court, Appellate Division, First Department.   October 20, 1899.)

TRIAL—MOTIONS FOR PREFERENCE—LACHES.

Where defendant obtains a stay and an order requiring security for costs, plaintiff does not lose his right to a preference by not sooner applying for it, if, as soon as the stay is removed by filing the bond, he immediately notices the cause for trial, and applies for a preference.

Appeal from trial term, New York county.

Action by Benjamin Seletsky, by guardian ad litem, against the Third Avenue Railroad Company, to recover damages for injuries received through alleged negligence of defendant.   From orders denying plaintiff's motion for a preference and his motion for a reargument of motion for preference, he appeals.   Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

J. C. Weschler, for appellant.

H. Siegrist, Jr., for respondent.

VAN BRUNT, P. J.   The difficulty which the appellant has labored under, both in the court below and in the presentation of his appeal before this court, has been that he has not understood the nature of his second application to the court.   He calls it an application for the reargument of the previous motion.   This is certainly a misnomer, because a reargument is always had upon the papers upon which the motion was previously heard.   In the case at bar the so-called "motion for reargument" was made upon new papers excusing the apparent laches which was the ground of the original denial of the motion.   This was an application for leave to renew the motion and for the granting of the motion upon the new papers then submitted to the court.   It was in no respect a motion for reargument, although it was so called by the appellant's counsel.   Treating the second application as a motion for leave to renew, and a renewal of the motion for a preference upon new papers, we think that the apparent laches which appeared upon the original application was sufficiently excused.   The defendant obtained a stay, and an order requiring security for costs to be filed upon the part of the plaintiff.   Although some time was consumed by the plaintiff in procuring the bond, yet it is admitted that he was never in default, because his time was extended by the defendant's counsel.   As soon as the stay was removed, he immediately noticed the case for trial, and applied for a preference.   We do not think that, under these circumstances, the right to a preference was lost.   The apparent delay was sufficiently excused, and the application for leave to renew the motion should have been granted, and the motion for preference also granted.

The order, therefore, denying the application for an erroneously so-called reargument of the motion should be reversed, and the motion granted, but, under the circumstances, without costs.   All concur.