### TUCKER v. DUDLEY.

(Supreme Court, Appellate Division, Second Department.  April 21, 1905.)

1. APPEALABLE ORDER—MOTION FOR REARGUMENT—APPEALABILITY.
   An order denying a motion for reargument is not appealable.
   [Ed. Note.—For cases in point, see vol. 2, Cent. Dig. Appeal and Error, § 730.]

2. APPLICATION FOR LEAVE TO FILE SUPPLEMENTAL ANSWER.
   A motion by defendant for leave to file a supplemental answer, setting up the exchange of consents to discontinue the action and the exchange of general releases by plaintiff to defendant, should have been granted, as presenting the most convenient way in which defendant could obtain an adjudication on a defense which he claims constitutes a bar to the action.

Appeal from Special Term, Kings County.

Action by Edwin H. Tucker against Eugene B. Dudley.  From an order denying defendant's motion to compel plaintiff to discontinue the action, and from an order denying a motion for reargument and for leave to file a supplemental answer, defendant appeals.  First order modified, and that portion of the second order denying leave to serve a supplemental answer reversed, and motion for such leave granted.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, and HOOKER, JJ.

Augustus Van Wyck (Charles J. McDermott, on the brief), for appellant.

Frederick W. Sparks, for respondent.

WILLARD BARTLETT, J.  The defendant sought by motion to compel a discontinuance of the action by reason of a certain agreement between the parties and the execution of certain papers looking to that result.  A reference was ordered under section 1015 of the Code of Civil Procedure to report upon the questions of fact arising upon this motion.  The referee reported adversely to the defendant, holding substantially that the conditions for the final effectiveness of the agreement had not so matured as to justify requiring the delivery of the papers which would be operative finally to dispose of the action, or at least so as to warrant the granting of such relief upon a motion.  The learned judge at Special Term adopted the conclusions of the referee, and denied the motion to compel a discontinuance.  To that extent I think the first order ap-

pealed from was right. The order should be modified, however, by striking out those provisions in the last paragraph which direct the return of the papers therein mentioned. The parties ought to be left in the same position they occupied before the motion was made, so that their rights may not be impaired if the question of the existence of an enforceable agreement of discontinuance and release shall hereafter be litigated in this or some other action.

As to the second order which is presented for review, it is not appealable so far as it denies the motion for a reargument. The defendant's motion, however, included an application for leave to serve a supplemental answer setting up "the exchange of the consents to discontinue this action and the exchange and delivery of the general releases by the plaintiff herein to the defendant," etc. This part of the motion was also denied. I think it should have been granted as presenting the most convenient way in which the defendant can obtain a formal adjudication upon a defense which he claims to constitute a bar to the further prosecution of this action.

The first order should be modified as indicated, and that portion of the second order which denies leave to serve a supplemental answer should be reversed, and the motion for such leave granted.

Order entered on the 10th day of June, 1904, modified by striking out those provisions in the last paragraph which direct the return of the papers therein mentioned, and, as modified, affirmed, without costs. Order entered on the 14th day of June, 1904, reversed, and motion for leave to serve a supplemental answer granted, with costs. All concur.