(109 App. Div. 537)

CONLEN v. RIZER et al.

(Supreme Court, Appellate Division, First Department. December 8, 1905.)

1. PARTITION—SALES—PROPERTY SUBJECT TO RESTRICTIVE COVENANTS—FAILURE
   TO MAKE KNOWN—RELIEF FROM PURCHASE.

   Under Code Civ. Proc. § 1678, declaring that, if property sold at judicial sale is subject to dower charge or lien, that fact must be declared at the time of sale, failure to make known that property sold at partition sale is subject to a restrictive covenant not to erect certain kinds of buildings or maintain certain kinds of business entitled the purchaser to be relieved from his purchase on proof that such restrictions decreased the value of the land.

2. APPEAL—APPEALABLE ORDERS.

   An order denying a motion for leave to renew on new affidavits a motion to be relieved from a purchase at judicial sale is appealable.

Appeal from Special Term, New York County.

Action by John H. Conlen against Rosanna Rizer and others for partition. The premises were ordered to be sold, and Otto Gerdau purchased at the sale. From an order denying his motion to be relieved from his purchase, and from an order denying a motion for leave to renew the motion on additional papers, the purchaser appeals. Reversed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

F. R. Minrath, for appellant.
Francis S. McGrath, for respondent Conlen.
Louis W. Dinkelspiel, for respondents Walsh, Daly, and Madigan.

LAUGHLIN, J. The motion was made upon the ground that the premises were subject to certain restrictive covenants not specified in the terms of sale and not made known to the purchaser. The lot is one of many together forming the Jacob Haisen tract, so called. In the year 1873 the executors of Jacob Haisen duly conveyed the entire tract, subject to restrictive covenants which are made the basis of the motion and are as follows:

"The party of the second part for herself, her heirs and assigns, doth hereby covenant to and with the parties of the first part, their successors and assigns, and with the owners for the time being of the adjacent lots jointly and severally, that neither party of the second part, nor her heirs or assigns, shall at any time hereafter erect any building within forty feet of the front of said premises, except of brick or stone, with roofs of slate or metal, and will not erect or permit upon any part of said premises any stable of any kind, coal yard, slaughter house, meat shop, tallow chandlery, steam engine, smith shop, forge, furnace, brass foundry, nail or other iron factory, or any manufactory of glass, gunpowder, starch, glue, varnish, vitriol, ink, petroleum, or turpentine, or any cooper's, carpenter's or cabinet maker's shop, or any establishment for tanning, dressing, preparing, or keeping skins, hides, or leather, or any brewery, distillery, sugar refinery, or bakery, or drinking or lager beer establishment, circus, menagerie, or public show or exhibition of animals, railroad depot, railroad stable, car, engine, or tenement house, or any other trade, manufactory, business, or calling which may be in any wise dangerous, noxious, or offensive to the neighboring inhabitants, and that no building shall be erected upon the said lands, or any part of them, which shall contain any alley or entrance running through for ingress or egress to rear buildings. And it is declared that this covenant is a lien, and runs with said lands, and binds the persons seised thereof for the time being."

The appellant showed by his own affidavit that before bidding he caused inquiry to be made as to the terms of sale and the nature of the lease and party wall agreement, subject to which the premises were to be sold, and that he was not aware of these restrictive covenants until informed by counsel whom he had employed to examine the title after he purchased the property. The only attempted contradiction of these facts was by affidavit showing that the purchaser had been a tenant of the premises for many years, which is perfectly consistent with his lack of knowledge as to the legal title. The appellant further showed by his own affidavit that he would not have made the bid on which the property was struck off to him, had he known of these restrictive covenants, and by the affidavits of experts that the restrictive covenants materially depreciated the market value of the premises. On the other hand, as might be expected, affidavits of experts were presented giving it as their opinion that the restrictive covenants increased the market value, owing to the fact that the surrounding lots were subject to like restrictions.

The respondents cite Kitching v. Brown, 180 N. Y. 414, 73 N. E. 241, which construed this restrictive covenant, as authority for their contention that these restrictive covenants do not constitute an incumbrance. That was a suit in equity to restrain the erection of a modern apartment house. It was held that this was not a breach of the covenant. The decision is of little value as an authority, when the question, as here, arises on the marketability of the title.

The case of Riggs v. Pursell, 66 N. Y. 193, is relied upon by the respondent as authority for the proposition that such restrictive covenants common to a large tract in a residential section, and made for the benefit of all, are presumably beneficial, and that it would not be inferred from the covenant alone that the market value of the premises is depreciated thereby, but that the burden is on the purchaser who asks to be relieved to show the fact by satisfactory evidence. That was an action to foreclose a mortgage on a leasehold interest, and the first foreclosure sale took place before the present Code. There does not appear to have then been any statutory provision requiring that the terms of sale in such an action should specify the incumbrance subject to which the sale was made. Section 1678 of the Code of Civil Procedure provides that on judicial sale of real estate, "if the property, or any part thereof, is to be sold subject to a right of dower, charge, or lien, that fact must be declared at the time of sale." This provision of law applies to such a restrictive covenant, which is in the nature of a charge or lien upon the premises. Kingsland v. Fuller, 31 App. Div. 314, 53 N. Y. Supp. 624, reversed on another point 157 N. Y. 507, 52 N. E. 562. See, also, Ray v. Adams, 44 App. Div. 173, 60 N. Y. Supp. 663; Scripture v. Morris, 38 App. Div. 377, 56 N. Y. Supp. 476, affirmed 159 N. Y. 534, 53 N. E. 1132; Matter of Brennan, 21 App. Div. 236, 47 N. Y. Supp. 661. It is doubtful, therefore, whether at present the Riggs Case is authority for the proposition that where premises are sold at a judicial sale, and it appears that there was an incumbrance in the nature of restrictive covenants, such as these, upon the premises, not specified, that the burden is on the purchaser, on the application to be relieved from the purchase, of show-

ing, not only the existence and nature of the incumbrance, but that it depreciates the market value of the premises.

But that question is not directly involved on this appeal, and need not be decided, for the reason that the affidavits presented on behalf of the purchaser fairly bring the case within the doctrine of the second appeal in Riggs v. Pursell, 74 N. Y. 370, where the decision on the first appeal was explained and limited, and where the purchaser was relieved. It appears to us that it requires little, if any, evidence dehors the record to show that such restrictive covenants may materially affect the freedom of use and market value of the premises; but, if such evidence be required, it has been presented, and therefore the purchaser should have been relieved.

It is contended on the part of the respondents that the order denying the motion for leave to renew the motion upon new affidavits was not appealable. A motion for the reargument of a motion, which would be necessarily confined to the original moving papers, of course is not appealable (Tucker v. Dudley, 104 App. Div. 191, 93 N. Y. Supp. 355); but it is manifest that injustice may be done if the decision of the Special Term in denying the leave of the court to permit the renewal of a motion upon additional papers could never be reviewed, and there is abundance of authority that such orders are appealable (Seletsky v. Third Ave. R. R. Co., 44 App. Div. 632, 60 N. Y. Supp. 405; Matter of Bieber, 44 App. Div. 148, 60 N. Y. Supp. 1133; Veeder v. Baker, 83 N. Y. 156–163; Riggs v. Pursell, supra).

The original moving papers showed the material facts with respect to the defect in the title and the lack of knowledge on the part of the purchaser in making the bid, and the further fact that the premises with the respective covenants were less valuable than without. The additional affidavits upon which the motion for leave to renew was made amplified the original affidavits and set forth more fully the knowledge of the experts whose opinions were given concerning the depreciation in market value of the property caused by the restrictive covenants.

It follows, therefore, that both orders should be reversed, with a single allowance of $10 costs and disbursements, and the motion granted, with $10 costs. All concur.

---

(110 App. Div. 670)

MICHIGAN SAVINGS BANK v. MILLER et al.

(Supreme Court, Appellate Division, First Department. January 26, 1906.)

SET-OFF AND COUNTERCLAIM—ASSIGNED DEBTS—IMMATURED OBLIGATIONS.

