(58 Misc. Rep. 365.)

### ELY v. MATHEWS et al

(Supreme Court, Special Term, New York County.   March, 1908.)

1. MORTGAGES—FORECLOSURE SALE—RELIEF OF BUYER.

Where premises are sold on foreclosure, and there is an encroachment on the premises making title unmarketable, though the advertisement of sale describes the property to be sold as "subject to any state of facts shown by an accurate survey," the purchaser will not be compelled to complete his purchase.

2. SAME.

In an action to foreclose a mortgage, failure to join permanent receivers of a corporation holding a junior mortgage as defendants renders the title derived through a foreclosure sale so defective that the purchaser should not be compelled to accept it.

Action by Smith Ely against one Mathews and others.   Judgment of foreclosure.   Motion to compel purchaser at sale to complete purchase.   Denied, and purchaser relieved from purchase.

Smith & Simpson, for plaintiff.

De Witt, Lockman & De Witt, for purchaser.

PLATZEK, J.   This is an application by the plaintiff to compel Robert Walton Goelet to complete a purchase made on sale under foreclosure, at public auction, December 19, 1907, of premises 110–112 West Thirty-Ninth street for $135,000.   The purchaser on January 6, 1908, the stipulated day for closing title, filed objections to the title, declined to complete, and demanded return of the 10 per cent. deposit paid and to be reimbursed for his expenditures incident to the purchase and examination of the title.   The plaintiff also asks as alternative relief, if the objections of the purchaser are sustained, that the judgment of foreclosure and sale be vacated; that the complaint be amended by bringing in any additional defendants held to be necessary, so that another judgment may be procured.

The main objections are: First. An encroachment of walls, and agreement charging the premises with the continuance of the same, and shown by affidavits, survey, maps, and sectional views submitted on behalf of the purchaser.   This is met by the contention that the purchaser is precluded from raising such objection because the advertisement of sale, after describing the property to be sold, contained the words "subject to any state of facts shown by an accurate survey."   It remains undisputed, however, that the terms of sale do not refer to any such encroachment.   This was a judicial sale, pursuant

to the provisions of the Code of Civil Procedure, and not measured by the strict rules which obtain between vendor and vendee at private sale, with ample opportunity anterior to the signing of a contract of purchase to investigate, ascertain, and determine the effect of a subject clause, such as is invoked by the plaintiff. This objection is sustained as an incumbrance making the title unmarketable. See Conlen v. Rizer, 109 App. Div. 537, 96 N. Y. Supp. 566; King v. Knapp, 59 N. Y. 462; Place v. Dudley, 41 App. Div. 540, 58 N. Y. Supp. 671. Second. The omission to include Frank P. McDermott and John J. Voorhees, the permanent receivers of the Electric Rubber Manufacturing Company, appointed by order of the Court of Chancery in the state of New Jersey, as parties defendant in this action. This corporation, organized under the laws of New Jersey, was made a party defendant as the holder of a junior mortgage for $10,000 on the premises in question. It is true that Frank P. McDermott, one of the said receivers, was brought in as a party, having been designated in this state as ancillary receiver, but at the time he was so appointed the bond and mortgage (the property of this insolvent foreign company) had been delivered to the temporary receivers in New Jersey, who took actual possession of such bond and mortgage and had same in their possession as permanent receivers when this action was commenced. Did the making of the ancillary receiver, McDermott, as a party, dispense with the necessity of joining the permanent receivers in the proceeding in New Jersey as parties? In my judgment the permanent receivers were and are necessary parties defendant in this action in order to bar the rights of the said corporation. Mabon v. Oughy Electric Co., 156 N. Y. 196, 50 N. E. 805; Reynolds v. Stockton, 140 U. S. 254, 11 Sup. Ct. 773, 35 L. Ed. 464. It also appears that four days after the sale, December 23, 1907, Mr. Goelet received notice from Frank P. McDermott and John J. Voorhees, receivers of the Electric Rubber Manufacturing Company, notifying him that they had not been made parties defendant in this action, and that they reserved their rights in and to the property foreclosed as such receivers. There are other objections which need not be considered. The title offered by the referee is not free from doubt, and is open to objection. The "purchaser had the right to assume that the decree and sale thereunder conferred not merely a good legal title, but a title not open to further question or reasonable dispute by other persons." Toole v. Toole, 112 N. Y. 336, 19 N. E. 683, 2 L. R. A. 465, 8 Am. St. Rep. 750. Where defects exist which require proceedings to cure them, the objections based upon their existence should be sustained and not overruled, and performance of contract deferred until the defects are cured.

The plaintiff's motion is in all respects denied, and the application of the purchaser to be relieved from the purchase is granted. Settle order on notice.