KESSLER v. NORTH RIVER REALTY CO.   (No. 7939.)

(Supreme Court, Appellate Division, First Department   November 19, 1915.)

1. DISCOVERY ⨥30—EXAMINATION BEFORE TRIAL—ACTIONS IN WHICH EXAMINATION MAY BE HAD.

The court has laid down no general rule, and would have no right to establish an arbitrary rule, denying examinations before trial in actions for personal injuries, as the Code makes no distinction between actions in tort and other actions.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 44; Dec. Dig. ⨥30.]

2. DISCOVERY ⨥30—EXAMINATION BEFORE TRIAL—SUBJECT-MATTER OF EXAMINATION.

Under ordinary circumstances a defendant will not be permitted to examine a plaintiff in a personal injury case as to the circumstances of the accident or defendant's alleged negligence, as such examination would be nothing more than a cross-examination of plaintiff and an inquiry into his case.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 44; Dec. Dig. ⨥30.]

3. DISCOVERY ⨥40—EXAMINATION BEFORE TRIAL—SUBJECT-MATTER OF EXAMINATION ¡

A party can examine his adversary before trial only for the purpose of proving facts necessary to the examining party's affirmative case or defense, and not for the purpose of disproving facts which his adversary must affirmatively prove in order to succeed.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. §§ 52, 53; Dec. Dig. ⨥40.]

4. DISCOVERY ⨥40—EXAMINATION BEFORE TRIAL—SUBJECT-MATTER OF EXAMINATION.

In an action by a tenant against the owner of a tenement house for injuries caused by a stair carpet becoming worn and dangerous, plaintiff was entitled to examine defendant before trial through its officers as to defendant's control over the hallways, lobbies, and staircases of the tenement house, and as to whether it had notice of the defective condition of the stairway, and to have produced any documents in defendant's possession showing actual notice, as it would be incumbent upon plaintiff to show that defendant had notice thereof.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. §§ 52, 53; Dec. Dig. ⨥40.]

5. DISCOVERY ⨥56—EXAMINATION BEFORE TRIAL—EFFECT OF STIPULATION.

In such action, an examination as to defendant's control over the hallways, lobbies, and staircases would be unnecessary, if defendant would stipulate that it had such control.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 71; Dec. Dig. ⨥56.]

6. DISCOVERY ⨥89—EXAMINATION BEFORE TRIAL—SUBJECT-MATTER OF EXAMINATION.

No reason was apparent for the production on such examination of the leases and conveyances affecting the premises.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 115; Dec. Dig. ⨥89.]

Appeal from Special Term, New York County.

Action by Margaret Kessler against the North River Realty Company. From an order denying defendant's motion to vacate an order

⨥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

for its examination before trial, defendant appeals.   Modified and affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGH-LIN, CLARKE, and SCOTT, JJ.

Otto D. Parker, of New York City, for appellant.

Donald C. Muhleman, of New York City, for respondent.

SCOTT, J.   The action is by a tenant against the owner of a tenement house for damages suffered in consequence, as it is alleged, of the negligence of defendant in permitting a stair carpet to become worn and dangerous.

[1] The order sought to be vacated requires the examination of defendant, by four of its officers, as to all the issues in the action, and also calls for the production of certain papers and documents.   This order is too broad and requires modification.   The defendant, however, insists that it should be vacated absolutely.   This contention is based mainly upon the erroneous supposition that this court had declared against any examination before trial in an action for damages for personal injuries.   This is a mistake.   No such general rule has ever been laid down, nor could it be, without ignoring the provisions of law providing for examination before trial in certain cases.   The Code makes no distinction between actions in tort and other actions, and we should have no right to establish an arbitrary rule upon the subject.   What we have done is to say that under ordinary circumstances we would not permit a defendant to examine a plaintiff in an accident case before trial as to the circumstances of the accident or the alleged negligence of defendant.   Wood v. Hoffman Co., 121 App. Div. 636, 106 N. Y. Supp. 308; Griffin v. Cunard Steamship Co., 159 App. Div. 453, 144 N. Y. Supp. 517.

[2, 3] These decisions have proceeded upon the theory that an examination before trial would amount to nothing more than a cross-examination of plaintiff and an inquiry into his case.   In so holding we have merely adhered to the rule we have tried to follow consistently that a party, plaintiff or defendant, can examine his adversary before trial only for the purpose of proving facts necessary to the examining party's affirmative case or defense, but not for the purpose of disproving facts which the adversary must affirmatively prove in order to succeed.   In other words, the testimony sought to be elicited must be necessary for the use of the party seeking to elicit it in establishing some fact which he must affirmatively prove.   Oakes v. Star Company, 119 App. Div. 358, 104 N. Y. Supp. 244.

[4-6] Tested by this rule, the plaintiff is, I think, entitled to examine defendant for the purpose of showing, if she can, that it had notice of the defective condition of the stairway.   Notice in such a case may be either direct or inferential, and it will be incumbent upon plaintiff to show, not only the defect complained of, but also that defendant had notice thereof.   To prove this she is entitled to examine defendant, and to have produced any documents that may be in its possession showing actual notice.   She is also entitled to show by defendant's officers that defendant had control over all the hallways, lobbies, and

staircases of the tenement house in question, unless defendant shall stipulate, as it has once offered to do, that it had such control, in which case an examination upon this subject will be unnecessary. We can see no reason for the production of the leases and conveyances affecting the premises.

The order appealed from will therefore be so modified as to limit the order for examination before trial as above indicated, and, as so modified, affirmed, without costs to either party. Settle order on notice. All concur.