GIOVANNI GIRARDON, Respondent, *v.* ROMOLO ANGELONE, Appellant.*

First Department, January 15, 1932.

*Samuel F. Frank* appearing specially for the appellant.

*Philip Bongiorno*, for the respondent.

MARTIN, J. By order of this court made November 27, 1931, a reargument was granted (234 App. Div. 758) to the defendant, appellant, of an appeal from an order made at Special Term denying appellant's motion to vacate the service of the summons herein, upon the ground that the appellant is immune from civil process of the courts of this State (233 App. Div. 809). The reargument became necessary because of the intervention of the State Department through the United States Attorney at the request of the Italian Ambassador.

On June 11, 1931, the State Department received a communication from the Italian Ambassador, which, after setting forth the facts, concluded as follows: " The Italian Ambassador has the honor to call the kind attention of the Department of State to the facts indicated above and to request, at the same time, its authoritative intervention in the case, in order to obtain the dismissal of these proceedings against a member of the Italian Embassy."

---

* Appeal dismissed, 259 N. Y. ——.

The respondent in his answering affidavit expressly admits that the appellant is the commercial *attaché* of the Royal Italian Embassy. There is no denial in the answering affidavits of the statement in appellant's affidavit that he was duly registered with the Secretary of State at Washington as such commercial *attaché* of the Royal Italian Embassy on and before March 15, 1931, the date when the summons was served upon him.

The appellant, upon additional papers filed upon application for a reargument, produced two certificates of the Department of State at Washington. The first, dated March 26, 1931, stated: " This is to certify that Signor Romolo Angelone is Commercial Attaché to the Italian Embassy at Washington, and that he is, therefore, entitled by the laws of the United States to the diplomatic privileges and immunities corresponding to his office."

The second, dated April 6, 1931, reads: " I certify that Romolo Angelone is duly accredited to this Government as Commercial Attaché to the Royal Italian Embassy."

As the answering affidavits admitted that Signor Romolo Angelone was the commercial *attaché* of the Royal Italian Embassy and was such when the summons was served, the above certificates were submitted merely as official proof of the nature of his office and of his acceptance by this government in a recognized diplomatic capacity by the Department of State.

Upon the original appeal the respondent argued that this court should not consider these certificates and that an appeal was not permitted from a motion denying a reargument. This point, the appellant contends, was clearly not well taken, since the second motion was for a reconsideration on new affidavits and additional papers. (*Conlen* v. *Rizer*, 109 App. Div. 537.) Such right is appropriate where appellant has been denied the opportunity of meeting the answering affidavits which he was entitled to answer by virtue of his notice under rule 64 of the Rules of Civil Practice. The only means left to him of replying to the somewhat extraordinary statements in those answering affidavits was by the application for rehearing, and the denial of that right was appealable.

On the final argument of this appeal it was stipulated that all the papers referred to herein should be made a part of the record on appeal.

This appeal, therefore, presents but one question: Is there sufficient proof before the court to require it to hold that the commercial *attaché* of the Royal Italian Embassy is a diplomatic official and as such exempt from suit in the courts of this State?

It has been a very difficult matter to determine from the statements of those in authority just what are the duties of a commercial

*attaché* of the Royal Italian Embassy. The United States Attorney having communicated to this court the request of the Department of State that this court should take into consideration that in the opinion of that department the defendant was immune from service of process, the court then communicated with the Department of State through the Attorney-General and requested that the status of the defendant be definitely stated. On November 7, 1931, the Department of State again communicated with the Attorney-General and concluded the letter as follows: " As such attachés are considered to be exempt from judicial process under our laws, it is believed that the legal proceedings against Signor Romolo Angelone should be dismissed."

In the case of *Russian Socialist Federated Republic* v. *Cibrario* (198 App. Div. 869) this court said: " Not only are the courts bound to take judicial notice of public matters, as before stated, which bear upon the question of our recognition of foreign sovereignties, but they have the right, where they are in doubt as to the facts, to call upon the Department of State for the necessary information."

In *United States* v. *Benner* (1 Bald. 234) the court said: " By the Constitution of the United States, ▌ the power of receiving ambassadors and other public ministers, is vested in the President of the United States; this power is plenary and supreme, with which no other department of the government can interfere, and when exercised by the President, carries with it all the sanction which the constitution can give to an act done by its authority.

" In the reception of ambassadors and ministers, the President is the government, he judges of the mode of reception, and by the act of reception, the person so received, becomes at once clothed with all the immunities which the law of nations and the United States, attach to the diplomatic character.

" The evidence of the reception of Mr. Brandis in this character, is the certificate from the secretary of the state which has been read. By the law organizing the Department of State, it is the special duty of this officer, to perform all such duties as shall be entrusted to him by the President, to conduct the business of the department in such manner as he shall order and instruct, also to take an oath for the faithful performance of his duties. He is denominated in the law, ' the secretary of foreign affairs;' his appropriate duties are, correspondence and communication with foreign ministers under the orders of the President; he has the custody of all the papers and archives of the department in relation to the concerns of the United States with foreign nations. * * *

" Such recognition invests him with the immunities of a minister, in whatever form it may be done, and no court or jury can require any other evidence of a reception: * * *."

The Department of State has also set forth that Signor Romolo Angelone is named in the diplomatic list and the Assistant Secretary of State says that he believes that he is immune from process and that the court should dismiss the action.

The United States Supreme Court in a case involving Great Britain, had a similar question before it (*Ex Parte Muir*, 254 U. S. 522). Mr. Justice VAN DEVANTER said, in delivering the opinion of the court: " *Prima facie* the District Court had jurisdiction of the suit and the vessel, *The Belgenland*, 114 U. S. 355, 368–369, and to call that jurisdiction in question was to *assume the burden of showing what was in the way of its existence or exertion*. Merely to allege that the vessel was in the public service and under the control of the British Government as an admiralty transport was not enough. These were matters which were not within the range of *judicial notice* and needed to be established *in an appropriate way*. They were not specially within the knowledge of the libelant, nor did it have any superior means of showing the real facts. Thus from every point of view it was incumbent on those who called the jurisdiction in question to produce whatever proof was needed to sustain their challenge.

" As of right the British Government was entitled to appear in the suit, to propound its claim to the vessel and to raise the jurisdictional question. * * * Or, with its sanction, its accredited and recognized representative might have appeared and have taken the same steps in its interest. *The Anne*, 3 Wheat. 435, 445–446. And, if there was objection to appearing as a suitor in a foreign court, it was open to that government to make the asserted public status and immunity of the vessel the subject of diplomatic representations to the end that, if that claim was recognized by the Executive Department of this government, it might be set forth and supported in an appropriate suggestion to the court by the Attorney-General, or some law officer acting under his direction." (Italics are the writer's.)

The Italian Ambassador and the Department of State of the United States have followed the course set forth in the above opinion and have represented to this court that the defendant is immune from civil process.

In *Savic* v. *City of New York* (203 App. Div. 81) it was held that the immunity granted to a consul is not an immunity granted by treaty, but is granted as a matter of policy by this government, to the end that our foreign relations may not be embarrassed by subjecting recognized consuls to prosecution by State courts.

We are of the opinion, therefore, that we must respect the request made by the Department of State that we dismiss the complaint.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion to dismiss the action granted, with ten dollars costs.

FINCH, P. J., MERRELL, McAVOY and SHERMAN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion to dismiss action granted, with ten dollars costs, and order entered June 5, 1931, vacated.