MORRIS KLAR, Plaintiff, *v.* CITY OF NEW YORK and Another, Defendants.

Supreme Court, Special Term, Bronx County, November 26, 1937.

*Theodore Geier* [*Bernard Braun* of counsel], for the plaintiff.

*Paul Windels, Corporation Counsel,* for the defendant City of New York.

*Frederick Mellor,* for the defendant Esther Krepestman.

NOONAN, J. The motion is designated in the order to show cause as one for a reargument of a motion for the examination before trial of the individual defendant Krepestman. A reargument is always based upon the original papers. Here the moving affidavit contains facts not recited in the original affidavit. Therefore, the application may not be considered as one for a reargument. (*Seletsky* v. *Third Ave. Ry. Co.,* 44 App. Div. 632; *Conlen* v. *Rizer,* 109 id. 537.) Treating it as a motion for leave to renew upon additional facts, I believe that the decision heretofore made should not be

disturbed. Concededly, the defendant Krepestman is the owner of the premises 1324 Commonwealth avenue, borough of Bronx, New York city.

Plaintiff, as alleged in the complaint, suffered injuries by falling into a deep hole or depression in the sidewalk in front of these premises. The alleged negligence of the individual defendant is set forth in paragraph seventh of the complaint as resulting from the fact that she caused or permitted automobiles or other vehicles to run on or over that portion of the sidewalk on which the plaintiff stumbled and fell. It is stated that this negligent course of conduct caused the cracking and breaking of the sidewalk, with the subsequent formation of holes and depressions therein. Assuming that such allegations are sufficient to charge negligence on the part of the individual defendant (*Mullins* v. *Siegel-Cooper Co.*, 183 N. Y. 129, 136), the examination before trial sought by the plaintiff is not permissible.

It is well settled in this Department that a plaintiff cannot examine before trial on the issues of the alleged negligence of a defendant. Item 1 of the proposed examination is unnecessary, since the answer admits ownership and control of the premises in question. Item 4 is outside the issues because, as originally decided, there is no claim of defective repairs to the broken sidewalk. Item 2 of the proposed examination seeks information as to the condition of the sidewalk in front of the premises on the day of the accident and prior thereto. This item clearly relates to the proof of negligence, and is not allowed. Item 3 refers to the knowledge and notice which the defendant had of the defective condition.

Plaintiff stresses the point that this last-mentioned item should be permitted, and relies upon the cases of *Kessler* v. *North River Realty Co.* (169 App. Div. 814) and *Preiss* v. *O'Donoghue* (173 id. 121). These cases are not applicable. The *Kessler* case concerned an alleged defect in a torn carpet on a stairway in a tenement house which caused injuries to a tenant. In that case the plaintiff was allowed to examine the defendant on the question of notice of the alleged defect. There it was necessary for the plaintiff to prove either actual or implied notice. In the case at bar the proof of notice is unnecessary since the plaintiff alleges that the individual defendant caused the existence of the defect in the sidewalk. Unless there be proof that the individual defendant was responsible for the alleged defect there is no cause of action. (*Tremblay* v. *Harmony Mills*, 171 N. Y. 598.)

In *Preiss* v. *O'Donoghue* (*supra*) an examination was permitted as to the defendant's knowledge of the alleged defect. The defendant in that case was the receiver of the premises and in control of the

appliance which caused the injury. To allow an examination as to the knowledge of the defendant in this case would result in an inquiry as to the negligence upon which the plaintiff bases his cause of action.

For the reasons stated, the motion is denied. Order signed.