ALFRED KOHLBERG et al., Respondents, *v.* J. F. SHEA Co., INC., et al., Appellants.

First Department, December 11, 1942.

*Lyman A. Spalding* of counsel (*Robert E. Curran,* attorney), for appellants.

*Arthur Garfield Hays* of counsel (*Harold Epstein* with him on the brief; *Arthur Garfield Hays* and *Howie & Robertson,* attorneys), for respondents.

DORE, J.   Plaintiffs sue for damages claimed to have been caused to their property by defendants in constructing a portion of the tunnel known as the Kensico Hill View Tunnel of the Delaware Aqueduct.   Plaintiffs allege that defendants negligently stored and used high explosives in their blasting operations and also negligently destroyed the natural lateral and subsurface support to plaintiffs' land on which their buildings were erected.   All of plaintiffs' five parcels of real estate are located in a limited area within the city of Yonkers.   The total length of the tunnel within defendants' contract is about five and a half miles.

By the order appealed from, plaintiffs have been granted an examination of defendants regarding the storage and use of explosives and other material and equipment used for blasting, and the methods utilized by defendants in their storage and blasting activities not only in the vicinity of plaintiffs' premises but throughout the entire length of a tunnel five and a half miles long and from the date of the contract, May 16, 1938, to the date of plaintiffs' bill of particulars, June 3, 1941.   Defendants have also been required to produce all records relating to the time, place and strength of the explosions throughout the whole tunnel area and during the entire period of construction.

A prior application of plaintiffs for a similar examination was denied at Special Term because the items were too general and not limited to the allegations of the complaint.   Plaintiffs have thus far failed to give in their bill of particulars, or otherwise, the dates or times when they claim their respective properties were damaged, or to show the proximity of such properties to the line of the tunnel construction.

The granting of plaintiffs' motion in the form of the order appealed from is, in our opinion, an abuse of judicial discretion. On proper papers showing unusual and special circumstances, these plaintiffs may be permitted, in the discretion of the court, an examination of the defendants before trial (*Greenwich Savings Bank* v. *105 East 24th Street Corp.,* 262 App. Div. 990; *Kessler* v. *North River Realty Co.,* 169 App. Div. 814), but such examination must be shown to be made in good faith and the examination must be limited to items that are material and

necessary to plaintiffs' proofs. Clearly this examination is not so limited. It is unrestricted, covering the entire tunnel and the whole period of construction. The facts and special circumstances necessary to guide the discretion of the court should be properly disclosed and no examination should be allowed unless limited to a reasonable distance from the vicinity of plaintiffs' properties and to a reasonable time in relation to the dates or times when the damages are claimed to have occurred.

The order so far as appealed from should be reversed with twenty dollars costs and disbursements and the motion for examination as to items 2, 3, 4 and 6 of the notice of motion denied without prejudice to a further and final application in accordance with this opinion.

MARTIN, P. J., TOWNLEY and GLENNON, JJ., concur; UNTERMYER, J., dissents.

Order, so far as appealed from, reversed with twenty dollars costs and disbursements and the motion for an examination as to items 2, 3, 4 and 6 of the notice of motion denied, without prejudice to a further and final application in accordance with opinion. The date for the examination to proceed to be fixed in the order. Settle order on notice.