■ JOANNE BOYLAN et al., Appellants, v HEALTH INSURANCE PLAN OF GREATER NEW YORK et al., Respondents, et al., Defendants.—In a medical malpractice action, plaintiffs appeal from a judgment of the Supreme Court, Nassau County, entered August 3, 1979, which dismissed the complaint against defendants-respondents Health Insurance Plan of Greater New York (HIP), East Nassau Medical Group (East Nassau) and John M. Dumanis. Plaintiffs' notice of appeal states that they also intend to bring up for review on this appeal the following orders of the same court: (1) an order entered April 19, 1978, granting, on plaintiffs' default, motions by the respondents to dismiss the complaint for failure to prosecute; (2) an order dated July 26, 1978, denying plaintiffs' motion to vacate the April 19, 1978 order; (3) an order entered November 21, 1978, denying plaintiffs' motion to "renew" and "reargue" the motion to vacate the April 19, 1978 order; and (4) an order dated May 17, 1979, denying plaintiffs' further motion to "renew" and "reargue". Appeal from the judgment dismissed, without costs or disbursements. This action was instituted in early 1973. Issue was joined by service of the answer of defendants-respondents HIP, East Nassau and Dumanis on or about June 17, 1973. On August 23, 1977 Special Term denied a motion by respondents East Nassau and Dumanis to dismiss the action for failure to prosecute. By notice of motion dated March 6, 1978 respondent HIP moved, and by notice of cross motion dated March 22, 1978 respondents East Nassau and Dumanis cross-moved again, to dismiss plaintiffs' action for failure to prosecute. The motion and cross motion to dismiss were granted by default, no opposition having been interposed by plaintiffs. The order was entered April 19, 1978. By notice of motion dated June 9, 1978 plaintiffs moved to vacate Special Term's dismissal order entered April 19, 1978. The motion was based on the affirmation of plaintiffs' attorney, claiming that the default was due to his inadvertently miscalendaring the adjourned return date of the dismissal motions. There was no affidavit of merits from any physician and there were no medical records attached to the moving papers. By order dated July 26, 1978 Special Term denied the motion, noting, *inter alia,* that "plaintiffs have failed to show a valid and excusable reason for their default * * * Further, there is no affidavit hereto by a party having knowledge of the facts to show any merit to the plaintiffs' case". By notice of motion dated November 1, 1978 plaintiffs moved to "reargue" and to "renew" the April 19, 1978 dismissal order. This motion

was supported by an affidavit by plaintiff Joanne Boylan and an affirmation from plaintiffs' counsel. By order entered November 21, 1978 Special Term denied the motion, the court noting that "the plaintiffs have again failed to submit the required affidavit of merit". By notice of motion dated April 11, 1979 plaintiffs again moved "to renew and reargue the motion for an order to vacate the dismissal". This motion was supported by an affidavit from a physician purporting to show the merits of plaintiff Joanne Boylan's malpractice claim. Plaintiffs' counsel also submitted an affirmation purporting to explain the delay. He claimed that defendants' attorneys had hindered the prosecution of the action and that plaintiffs had encountered difficulties obtaining medical experts for this malpractice case. By order dated May 17, 1979 Special Term denied this latest motion, the court stating: "this motion by plaintiff for leave to reargue the order of this Court entered November 21, 1978 is denied. A motion to reargue must be made within the time to take an appeal from the order, *Fitzpatrick v Cook,* 58 AD2d 642." In the meantime, by notice of motion dated April 18, 1979, respondents East Nassau and Dumanis moved before this court to dismiss appeals by plaintiffs from two orders. The motion papers set forth and noted service of a notice of appeal by plaintiffs (dated May 12, 1978) from the April 19, 1978 dismissal order and a notice of appeal by plaintiffs (dated August 21, 1978) from the July 26, 1978 order denying their motion to vacate the April 19, 1978 dismissal order. The motion papers also noted the November 21, 1978 order denying plaintiffs' motion "to reargue". Respondents East Nassau and Dumanis requested that we dismiss plaintiffs' appeals from the April 19, 1978 and July 26, 1978 orders for lack of prosecution. The motion papers did not contain or refer to a notice of appeal from the November 21, 1978 order. On May 31, 1979 this court denied the motion to dismiss the two appeals, on condition that plaintiffs perfect the appeals for the November, 1979 term. Plaintiffs then caused a judgment to be entered on August 3, 1979, dismissing the complaint. The judgment recites the prior orders of April 19, 1978, July 26, 1978, November 21, 1978 and May "2" (actually May 17), 1979. Plaintiffs then filed a notice of appeal from this judgment. The notice of appeal purports to bring up for review all four of the prior orders. The judgment entered August 3, 1979 is the product and mere reflection of the plaintiffs' default on the motion to dismiss the complaint, resulting in the April 19, 1978 order. No appeal lies from an order or judgment entered upon the default of the aggrieved party. Thus, the judgment and the April 19, 1978 order are not appealable (see CPLR 5511; *Wolfensteller v Frank,* 50 AD2d 846). The appeal from the July 26, 1978 order necessarily falls with the judgment claiming to bring it up for review. Were we to overlook the failure of the printed record to contain a notice of appeal from this order, and were we to rely upon the notice of appeal set forth in the motion papers filed with this court, and thereby review this order as independently appealable and now before this court, we would find no merit to such appeal because, *inter alia,* the motion to vacate the April 19, 1978 dismissal order did not contain any affidavit of merits, i.e., an affidavit from a physician. It might be argued that the November 21, 1978 order is appealable, independently, as an order denying a motion to renew based upon new or additional facts *(Girardon v Angelone,* 234 App Div 351, app dsmd 259 NY 565). However, plaintiff Joanne Boylan was not competent to make an affidavit of merits in this malpractice case and no physician's affidavit was submitted on that motion. Accordingly, the motion leading to the November 21, 1978 order was not truly a motion to renew. Even if, *arguendo,* it were such a motion, the record on appeal and the said motion papers submitted by East

Nassau and Dumanis in this court do not contain a notice of appeal from the November 21, 1978 order nor indicate that one was ever served and filed, timely or otherwise. Plaintiffs' final motion before Special Term did contain an affidavit of merits and thus the May 17, 1979 order resulting therefrom might be treated as an order denying renewal based on new or additional facts, and as such would be independently appealable. Again, however, neither the record on appeal nor the motion papers in this court contain any notice of appeal therefrom or indicate that any was ever served. In conclusion, the appeal from the judgment must be dismissed and the orders purportedly brought up for review thereunder may not be reviewed on that appeal independently of the judgment. Hopkins, J. P., Titone, Gibbons and Weinstein, JJ., concur.