BRUHL v. NEDWELL.   (No. 6211.)

(Supreme Court, Appellate Division, First Department.   October 23, 1914.)

DISCOVERY (§ 40*)—EXAMINATION OF PLAINTIFF—PERSONAL INJURY ACTION.

 In a personal injury action, the defendant is not entitled to an order for the general examination of the plaintiff before trial, where there is no suggestion that the testimony is needed by defendant to support any affirmative claim or defense.

 [Ed. Note.—For other cases, see Discovery, Cent. Dig. §§ 52, 53; Dec. Dig. § 40.*]

Appeal from Special Term, Bronx County.

Action by Sarah Bruhl against Tillie Nedwell.   From an order denying a motion to vacate an order for the examination of the plaintiff before trial, plaintiff appeals.   Order reversed, and motion granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Louis Cohn, of New York City (George W. Smyth, of New York City, of counsel), for appellant.

Nadal, Jones & Mowton, of New York City (Bernard G. Barton, of New York City, of counsel), for respondent.

CLARKE, J. This is an action to recover damages for personal injuries alleged to have been caused by the negligence of the defendant. The defendant obtained an order for the general examination of plaintiff before trial; that is, it was sought to obtain the plaintiff's evidence necessary to sustain her cause of action and to cross-examine her thereon out of court and before trial. There is no suggestion that such testimony is needed by defendant to support any affirmative claim or defense. Such examinations in negligence cases have consistently been refused by this court in this department. Wood v. Charles W. Hoffman Co., 121 App. Div. 636, 106 N. Y. Supp. 308; Smyth v. Lichtenstein, 137 App. Div. 310, 122 N. Y. Supp. 73. Except in extraordinary cases, we have limited the right to examine to eliciting testimony in support of the examining party's case. Caldwell v. Glazier, 128 App. Div. 315, 112 N. Y. Supp. 655; Reusens v. Arkenburgh, 136 App. Div. 653, 121 N. Y. Supp. 353; McClarty v. Giroux, 142 App. Div. 750, 127 N. Y. Supp. 724.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.