(173 App. Div. 121)

PREISS v. O'DONOHUE.

(Supreme Court, Appellate Division, First Department. June 2, 1916.)

1. DISCOVERY ⊗═40—EXAMINATION OF PARTY BEFORE TRIAL.
   Examination of a party before trial will be allowed only for the purpose of proving facts necessary to the examining party's affirmative case or defense, and not for the purpose of discovering and disproving facts which the adverse party must prove.

   [Ed. Note.—For other cases, see Discovery, Cent. Dig. §§ 52, 53; Dec. Dig. ⊗═40.]

2. DISCOVERY ⊗═40—EXAMINATION OF PARTY BEFORE TRIAL.
   Examination before trial of an adverse party will not be permitted with reference to facts admitted by the pleadings.

   [Ed. Note.—For other cases, see Discovery, Cent. Dig. §§ 52, 53; Dec. Dig. ⊗═40.]

3. DISCOVERY ⊗═40—EXAMINATION OF PARTY BEFORE TRIAL.
   In an action to recover damages for injuries incurred by the falling of an elevator, the examination of defendant before trial to show defendant's knowledge of the defects of such elevator will be permitted.

   [Ed. Note.—For other cases, see Discovery, Cent. Dig. §§ 52, 53; Dec. Dig. ⊗═40.]

---

⊗═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from Special Term, New York County.

Action by Belle Preiss against Joseph J. O'Donohue, Jr. From an order denying motion to vacate order to examine defendant before trial, defendant appeals. Modified and affirmed.

Argued before CLARKE, P. J., and McLAUGHLIN, LAUGHLIN, SMITH, and PAGE, JJ.

Joseph V. McCabe, of New York City, for appellant.
Leo G. Rosenblatt, of New York City, for respondent.

McLAUGHLIN, J. Action is brought to recover damages for personal injuries alleged to have been sustained by the plaintiff by the fall of a passenger elevator, the operation of which was controlled by defendant. The complaint alleges, among other things, that the defendant was in possession of the building and control of the elevator. The answer admits such allegations of the complaint, but denies that the defendant in his individual capacity was in such possession and control. Such denial, of course, must be read in connection with his admission that his possession was that of receiver, and not in his individual capacity.

[1] As indicated, it was a passenger elevator, and at the time of plaintiff's alleged injuries she was a passenger therein. The order appealed from requires the defendant to submit to an examination before trial of all the issues in the action and also calls for the production of certain orders and papers. Unless unusual circumstances are presented, the examination of a party before trial is not permitted in a negligence case (Wood v. Hoffman Co., 121 App. Div. 636, 106 N. Y. Supp. 308; Griffin v. Cunard Steamship Co., Ltd., 159 App. Div. 453, 144 N. Y. Supp. 517), and for the reason that generally such an examination is sought not for the purpose of establishing the plaintiff's cause of action or defendant's defense, but to ascertain what the adverse party can prove. This court has consistently adhered to the rule that a party plaintiff or defendant can examine his adversary before trial only for the purpose of proving facts necessary to the examining party's affirmative case or defense, and not for the purpose of disproving facts which the adversary must prove in order to succeed; in other words, it must appear that the testimony sought to be obtained by the examination is necessary and material for the use of the party seeking to obtain it in proving some fact which he must establish. Kessler v. North River Realty Co., 169 App. Div. 814, 155 N. Y. Supp. 799; Oakes v. Star Co., 119 App. Div. 358, 104 N. Y. Supp. 244.

[2] Applying this rule, it at once becomes apparent that the plaintiff is not entitled to examine defendant for the purpose of showing that he is receiver and in control of the elevator for such facts are admitted by the answer, and for a similar reason the production of judicial orders appointing him receiver is unnecessary. The examination, however, was properly ordered to the extent of showing the defendant's knowledge as to the car being out of repair at and immediately prior to the time the accident occurred.

[3] It may be, the car being one for the purpose of conveying pas-
sengers, that the doctrine of res ipsa loquitur applies and that the
plaintiff would prove a prima facie case by establishing its fall. Grif-
fen v. Manice, 166 N. Y. 188, 59 N. E. 925, 52 L. R. A. 922, 82 Am.
St. Rep. 630. But that doctrine is only a rule of evidence, and the
plaintiff, in making out her case, is not obliged to rely upon it. She
may go further, and show that the car was out of repair, and that
defendant knew it.

The order appealed from, therefore, is modified, and the examination
permitted to the extent indicated, and, as thus modified, affirmed,
without costs to either party. All concur.