BERYL SHAW, Respondent, *v.* SAMLEY REALTY Co., INC., Appellant.

First Department, June 2, 1922.

Depositions — action for negligence — examination of defendant before trial concerning defendant's negligence and plaintiff's actions and consequences thereof denied — limited examination of party before trial in negligence action allowed when ownership or control denied — power of court to direct general examination not ordinarily exercised — Civil Practice Act and Rules of Civil Practice effected no change in this respect.

In an action to recover damages for personal injuries against a corporation, an examination of the defendant before trial will not be allowed, where it appears that the proposed examination is on subjects concerning the defendant's negligence and also concerning the plaintiff's actions and the consequences thereof at the time in question, in regard to which the representatives of the defendant sought to be examined obviously can have no knowledge.

*It seems,* that in negligence actions and in certain other actions for torts, the court will, under special circumstances, allow a limited examination of a party before trial; for example, where ownership or control is denied, but while the court has power to direct a general examination it will not ordinarily be exercised in this class of cases. The Civil Practice Act and the Rules of Civil Practice have not effected any change in the established rule in respect to such examination.

APPEAL by the defendant, Samley Realty Co., Inc., from an order of the Supreme Court, made at the New York Special Term

and entered in the office of the clerk of the county of New York on the 23d day of February, 1922, denying defendant's motion to vacate a notice requiring the defendant to submit to an examination before trial by its president and its agent, in an action to recover damages alleged to have been caused by the negligence of the defendant.

*William Dike Reed* [*William B. Shelton* of counsel], for the appellant.

*Herman Goldman* [*Max A. Geller* of counsel; *I. Gilbert Ornstein* and *Harlan A. Kashden* with him on the brief], for the respondent.

CLARKE, P. J.:

The complaint alleges that the defendant was the owner of an apartment house and had reserved to itself control of various portions thereof, to wit, the vestibule and halls which were used in common by all the tenants and others lawfully within the premises for the purpose of entering and leaving said house; that the plaintiff was the wife of and resided with a tenant in one of the apartments; that there was a wooden door between the outer vestibule and the inner hall, which door consisted of a wooden frame designed to inclose and customarily inclosing a large plate glass panel; that on September 7, 1921, the plate glass panel in said door was missing, and that the defendant negligently permitted said door to be closed and locked, and negligently permitted the opening in said door caused by the removal of the glass panel to remain unprotected, and that plaintiff while lawfully proceeding through the aforesaid vestibule for the purpose of going to her apartment, and while attempting to open said door, fell into and through said door and received the injuries complained of.

The plaintiff served a notice for the examination of the defendant before trial by its president and agent, enumerating eleven subjects upon which she desired to examine the defendant, six having to do with the defendant's negligence, and the remaining five with the plaintiff's actions and the consequences thereof at the time in question, in regard to which obviously the persons sought to be examined could have no knowledge. The learned Special Term, in its opinion rendered upon the denial of a motion to vacate the notice for examination, said: " I can conceive of no valid reason why examinations before trial should be less liberal in negligence than in contract cases, for example. * * * The new Practice Act seems to open the door still wider than heretofore for searching out the real facts before trial, and I do not think that litigants in negligence cases should be restricted in their full enjoyment of these privileges." The Court of Appeals in *Herbage* v. *City of*

*Utica* (109 N. Y. 81), in construing the provisions of the Code of
Civil Procedure, sections 870, 872 and 873, covering the subject
of examinations before trial, said: " We are of opinion that a party
litigant may, in the discretion of the judge to whom application is
made, * * * have a general examination of his adversary as a
witness in the cause, as well before as at the trial, and that it is not,
as of course, to be limited to an affirmative cause of action, or an
affirmative defense set forth in favor of the party desiring that
examination. The order appealed from was so limited, not
according to the discretion of the court, by which it might have
been restrained, but because, as appears by the order, the court was
of opinion that it had no power to order otherwise."

This court has frequently had before it the question of examination
before trial in negligence cases, and in certain other actions for
torts, and has consistently held that, except in unusual circum-
stances, as a matter of public policy, in the exercise of its judicial
discretion, a general examination before trial would not be allowed.
*Wood* v. *Hoffman Co.* (121 App. Div. 636) was an appeal from an
order for the examination of the plaintiff before trial in a negligence
case. We said: " It is quite improbable that a defendant in a
negligence action could in good faith say that he intended to use
the deposition of the plaintiff upon the trial of the action, or that
such testimony was material and necessary for his defense. * * *
A general rule permitting a defendant in a negligence action to
examine the plaintiff before trial as to the general issues in the
action might result in very grave abuse and in the manufacture
of unconscionable defenses. While we do not say that under no
circumstances can a defendant examine a plaintiff before trial in a
negligence action, we do hold that in ordinary actions such an
examination should not be permitted."

In *Griffin* v. *Cunard Steamship Co., Ltd.* (159 App. Div. 453) we
said: " Upon considerations of sound public policy we have not
allowed general examinations before trial in negligence cases." We
said in *Bruhl* v. *Nedwell* (164 App. Div. 932): " Such examinations
in negligence cases have consistently been refused by this court
in this department." In *Kessler* v. *North River Realty Co.* (169
App. Div. 814) we modified an order providing for the examination
as to all the issues in the action by limiting an examination
to one specific matter. *Preiss* v. *O'Donohue* (173 App. Div. 121)
was an appeal by the defendant from an order denying a motion to
vacate an order for his examination before trial. The action was to
recover damages for personal injury caused by the fall of a passenger
elevator. Mr. Justice McLaughlin, writing for this court, said:
" The order appealed from requires the defendant to submit to an

examination before trial of all the issues in the action, and also calls for the production of certain orders and papers. Unless unusual circumstances are presented, the examination of a party before trial is not permitted in a negligence case (*Wood* v. *Hoffman Co.*, 121 App. Div. 636; *Griffin* v. *Cunard Steamship Co., Ltd.*, 159 id. 453), and for the reason that generally such an examination is sought, not for the purpose of establishing the plaintiff's cause of action or defendant's defense, but to ascertain what the adverse party can prove. This court has consistently adhered to the rule that a party, plaintiff or defendant, can examine his adversary before trial only for the purpose of proving facts necessary to the examining party's affirmative case or defense, and not for the purpose of disproving facts which the adversary must prove in order to succeed." But inasmuch as that case involved the falling of a passenger elevator, as to the causes of which the plaintiff could not possibly be informed, the examination was allowed to the extent of showing the defendant's knowledge as to the car being out of repair at and immediately prior to the time the accident occurred.

In *Kelsey* v. *Hevenor* (188 App. Div. 967) an examination of the record on appeal on file in this court shows that the action was for damages for personal injuries received by plaintiff while a passenger in an automobile owned and driven by the defendant, by reason of a collision with a post, alleged to be caused by the defendant's negligence. We reversed an order denying the motion to set aside an order for the examination of defendant before trial and granted said motion.

We have allowed specific or limited examinations when ownership or control has been denied. The power to permit a general examination undoubtedly exists, but the matured judgment of the court is that it should not ordinarily be exercised in this class of cases. No new situation has resulted from the passage of the Civil Practice Act and the adoption of the new Rules of Civil Practice. The methods for obtaining an examination have been simplified by eliminating the necessity for one order and substituting a notice in its stead (Civ. Prac. Act, § 290 *et seq.*; Rules Civ. Prac. rule 121 *et seq.*), but rule 124 of the Rules of Civil Practice, providing for a motion to vacate a notice to take testimony, expressly provides: " If the court or judge who hears the motion shall deem that the testimony sought to be taken is not material or necessary for the party who served the notice, or for any reason that the interests of justice would not be subserved by such examination, an order may be made vacating and setting aside the notice to take the testimony or limiting the scope of the examination." This rule is

in entire harmony with the practice heretofore obtaining in this department.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion to vacate granted, with ten dollars costs.

Laughlin, Dowling, Smith and Greenbaum, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.