MORRIS LIEBERBAUM, an Infant, by ISIDORE LIEBERBAUM, His Guardian ad Litem, etc., Respondent, v. MAX RESNICK, Appellant.

First Department, June 2, 1922.

See head note in *Shaw* v. *Samley Realty Co., Inc.* (*ante*, p. 433).

APPEAL by the defendant, Max Resnick, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 8th day of February, 1922, granting plaintiff's application for the examination of the defendant before trial in a negligence case, pursuant to section 292 of the Civil Practice Act.

*R. M. McCormick* [*F. A. W. Ireland* of counsel], for the appellant.

*Marton M. Mandel*, for the respondent.

CLARKE, P. J.:

This is an action brought to recover damages alleged to have been caused by the negligence of the defendant, who was driving an automobile owned by him when it collided with and ran over the plaintiff. The answer admits the ownership and control of the automobile at the time of the accident. The order provides for a general examination before trial of the defendant.

For the reasons stated in the opinion in *Shaw* v. *Samley Realty Co., Inc.* (201 App. Div. 433), handed down herewith, the order appealed from should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

LAUGHLIN, DOWLING, SMITH and GREENBAUM, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.