a cut on his head, made by a blunt instrument; it might be the butt of a revolver. The testimony of these two witnesses corroborates the testimony of Mildred Parker.

The court imposed sentence upon the defendant that he be confined in Clinton prison at Dannemora at hard labor for the term of twenty years. The defendant turned to the court and said: " You cocksucking son of a bitch, I will kill you." Thereupon the court examined the record of convictions which the defendant had given and, before defendant had been taken from the court room, changed the term of the sentence to one for his natural life. The defendant then said: " I thank you, you son of a bitch." The record indicates that defendant made a considerable disturbance in the court room.

The record of conviction of this defendant showed that he had before been convicted four times for felonies or attempted felonies, one of which was robbery in the first degree, for which he had served a sentence of ten years in State's prison. The Penal Law (§ 1942) provides: "A person who, after having been three times convicted within this State, of felonies or attempts to commit felonies, * * * commits a felony within this State, shall be sentenced upon conviction of such fourth, or subsequent, offense to imprisonment in a State prison for the term of his natural life * * *." But the indictment does not charge the former conviction. We consider that the reason given for the holdings in *People* v. *Rosen* (208 N. Y. 169) and *People* v. *Bretton* (144 App. Div. 282) is controlling in this case and that the sentence must be reduced to " the term of twenty years." (Code Crim. Proc. §§ 543, 541; Penal Law, § 2125.)

The sentence should be reduced to " the term of twenty years," and with the sentence so reduced the judgment should be affirmed.

The sentence is reduced to " the term of twenty years," and with the sentence so reduced the judgment is unanimously affirmed.

---

ISABEL V. D. COMBES, Respondent, *v.* JOHN J. MAAS, Appellant.

Third Department, May 8, 1924.

Depositions — examination of plaintiff before trial in negligence action — error to grant motion to set aside notice of examination on ground that proposed examination is with reference to issues as to which defendant does not have affirmative — Civil Practice Act, § 288, applied — motion granted on ground that testimony is not material and necessary to defense and that examination was not asked for in good faith.

A notice of examination of the plaintiff before trial served by the defendant in a negligence action cannot be set aside on the ground that the proposed examination is with reference to issues as to which the defendant does not have the

affirmative, since section 288 of the Civil Practice Act does not limit the right to examination to that extent.

But the order setting aside the notice may be upheld on the ground that the testimony sought to be taken in the action was not shown to be material and necessary for the defense of the action and on the further ground that it did not appear that the notice was served in good faith.

APPEAL by the defendant, John J. Maas, from an order of the Supreme Court, made at the Albany Special Term, and entered in the office of the clerk of the county of Albany on the 11th day of January, 1924, granting plaintiff's motion to vacate and set aside a notice to take the deposition of the plaintiff before trial.

*Woollard & Cogan* [*William E. Woollard* of counsel], for the appellant.

*Randall J. LeBoeuf* [*Randall J. LeBoeuf, Jr.*, of counsel], for the respondent.

VAN KIRK, J.:

The defendant served a notice of taking by deposition before trial the testimony of the plaintiff at a time, and place, and before a person, named. The plaintiff procured an order to show cause why this notice should not be vacated on the grounds: (1) That the examination is not made in good faith; and (2) that the proposed examination is with reference to issues of which the defendant has not the affirmative of proof. The court granted the motion and vacated the notice. This appeal is from the order granting the motion.

The second ground is not well taken. Under the Code of Civil Procedure (§ 870 *et seq.*) the court in its discretion could, at the instance of a party litigant, order a general examination of his adversary before trial and need not limit the examination to an issue of which the moving party has the affirmative. (*Herbage* v. *City of Utica*, 109 N. Y. 81; *Terry* v. *Ross Heater & Mfg. Co., Inc.*, 180 App. Div. 714, 716; *Pierce* v. *Morris*, 192 id. 502; *Alden* v. *O'Brien*, 138 id. 249, 251.) The limitations stated in cases under the Code of Civil Procedure upon the right to examine an adverse party were intended to assist the court in exercising its discretion and were not absolute rules which must be followed. And we hold that, under the Civil Practice Act, the examination need not be limited to those issues of which the moving party has the affirmative. This act (§ 288) allows a party to take his own testimony or the testimony of an adverse party " which is material and necessary in the prosecution or defense of the action."

We have held that the right to examine the adverse party is more freely given under the Civil Practice Act (§ 288 *et seq.*) than

under the Code of Civil Procedure. (*Eagle-Picher Lead Co.* v. *Mansfield Paint Co., Inc.*, 201 App. Div. 223; S. C., 203 id. 9; *Walsh* v. *Walsh*, 208 id. 823.) Still under the Civil Practice Act the court is not bound in all cases to permit an examination. It has a judicial discretion to exercise. If a notice has been given to take the deposition of an adverse party, that party may apply to the court to vacate the notice and it is then for the court to determine whether or not the testimony to be taken is material and necessary for the prosecution or defense of the action and whether or not the interests of justice will be served thereby. The privilege of examining may not be availed of to annoy and worry the adverse party, or to do prospecting or to speculate. The taking of depositions must be prosecuted in good faith.

The instant case is a negligence action. Seventeen issues or matters are named concerning which the defendant would take plaintiff's testimony. As to most of these the taking of testimony is plainly unnecessary and the others are of the kind usually covered by bills of particulars. A general examination may be had in such a case, but its necessity and materiality must be shown. Not every case justifies such an examination. We think the Special Term would have been justified in granting the motion to vacate the notice on the ground that it did not appear (1) that the proceeding was taken in good faith; (2) that the testimony sought to be taken was material and necessary for the prosecution or defense of the action; and we think the motion should have been granted upon these grounds.

The order should be affirmed, with ten dollars costs and disbursements.

Order unanimously affirmed, with ten dollars costs and disbursements.