CHARLES MIDDLETON, Respondent, *v.* SARAH BOARDMAN, Appellant.

Second Department, November 7, 1924.

Appeal — permission to appeal to Court of Appeals — in view of conflict of opinion in departments of Appellate Division permission is granted to appeal to Court of Appeals on question whether general examination of defendant before trial may be had in negligence action.

In view of the conflict of opinion in the different departments of the Appellate Division of the Supreme Court on the question whether a general examination of the defendant before trial is proper in negligence actions, permission is granted to the defendant to appeal to the Court of Appeals so that the practice relating to such examinations may be settled.

MOTION for leave to appeal to the Court of Appeals from an order of the Appellate Division affirming an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Nassau on the 18th day of July, 1924, denying the defendant's motion to vacate the notice of examination of the defendant before trial in an action to recover damages for personal injuries alleged to have been caused by the defendant's negligence. (See 210 App. Div. 860.)

*F. A. W. Ireland,* for motion.

*John H. Donlan,* opposed.

PER CURIAM:

Ordinarily this court would be disinclined to allow an appeal to the Court of Appeals from an order relating solely to a question

of practice.   There is, however, a conflict of opinion in the First, Second and Third Departments on the subject of examinations of a party before trial.   In this (Second) department the court has followed its decision rendered in *Oshinsky* v. *Gumberg* (188 App. Div. 23), in cases which have arisen both before and since the enactment of the new Civil Practice Act.   In the Third Department the court has held in the case of *Combes* v. *Maas* (209 App. Div. 330) that an examination before trial may be had of an adverse party without limiting the examination to an issue of which the moving party has the affirmative.   In the First Department the court held, in *Griffin* v. *Cunard Steamship Co., Ltd.* (159 App. Div. 453), that " Upon considerations of sound public policy we have not allowed general examinations before trial in negligence cases."   To the same effect see *Bruhl* v. *Nedwell* (164 App. Div. 932).   Later, in *Shaw* v. *Samley Realty Co., Inc.* (201 App. Div. 433), the same court said: " The power to permit a general examination undoubtedly exists, but the matured judgment of the court is that it should not ordinarily be exercised in this class of cases " (*i. e.,* in so-called negligence cases).

In this department the fact that the action is in tort is not regarded as a ground for limiting the examination in any way.

The growing burden of deciding practice motions of this character impels us to allow this appeal so that the practice may be definitely settled by the Court of Appeals, not only in negligence cases but in all cases.

The motion for leave to appeal to the Court of Appeals should be granted.

KELLY, P. J., RICH, JAYCOX, MANNING and YOUNG, JJ., concur.

Motion for leave to appeal to the Court of Appeals granted, questions to be certified.   Settle order on notice.