FRED PALMER, Plaintiff, *v.* HOPE HAMPTON, Defendant.

City Court of New York, March 7, 1927.

Depositions — examination of plaintiff before trial — action for injuries suffered from bite by dog — examination granted on issue of scienter.

Plaintiff, who sues to recover for personal injuries suffered by reason of being bitten by a wolf hound dog, owned by defendant, may examine defendant as

to whether she had notice that, prior to the time plaintiff was bitten, the " dog attacked or bit or attempted to bite any other person or persons," inasmuch as the examination is confined to a matter concerning which, as a practical proposition, the plaintiff can have no knowledge.

Motion by defendant to vacate notice of examination before trial.

*Paul Jones,* for the plaintiff.

*Konta, Kirchwey & Engel,* for the defendant.

Shientag, J. The question raised by this motion is whether or not a plaintiff, in an action for personal injuries caused by a domestic animal, a wolf hound dog, may examine the defendant before trial on the issue of scienter. The plaintiff is not seeking a general examination. On the argument he withdrew every item in the notice of examination except No. 3, which reads as follows: " Whether prior to the said 20th day of December, 1926, the defendant had notice or knew that the said dog attacked or bit or attempted to bite any other person or persons."

The owner of a domestic animal is not liable for personal injuries caused by it, " unless the vicious propensities of the animal are known to him, or by the exercise of reasonable care the same could have been ascertained." (*Hosmer* v. *Carney,* 228 N. Y. 73.) " The doctrine of contributory negligence applies to the case of injury by animals." (2 Cooley Torts [3d ed.], 701, cited in *Hosmer* v. *Carney, supra.*) " If the defendant either knew or should have known that the dogs were vicious, it was not necessary to prove that they had previously attacked any one. The popular theory that ' every dog is entitled to one bite ' finds no support in the decisions of the courts of this State." (*Perrotta* v. *Picciano,* 186 App. Div. 781.)

Whether or not, therefore, an action for personal injuries caused by a domestic animal may, strictly speaking, be said to be founded upon negligence, it does partake of many of the characteristics of a negligence action. (See 22 Harv. L. Rev. 465.) The Appellate Divisions in the First and Second Departments differ in their attitude toward examinations before trial in negligence actions. In *Middleton* v. *Boardman* (210 App. Div. 467) the Second Department said: " In this department the fact that the action is in tort is not regarded as a ground for limiting the examination in any way."

In the First Department the rule relative to such examinations is laid down in *Shaw* v. *Samley Realty Co.* (201 App. Div. 433), as follows: " This court has frequently had before it the question of examination before trial in negligence cases, and in certain other

actions for torts, and has consistently held that, except in unusual circumstances, as a matter of public policy, in the exercise of its judicial discretion, a general examination before trial would not be allowed." (P. 435.) " The power to permit a general examination undoubtedly exists, but the matured judgment of the court is that it should not ordinarily be exercised in this class of cases." (P. 436.)

The general rule as formulated in this department is, however, by no means inflexible. When ownership or control has been denied an examination limited to such issue is allowed. (*Shaw* v. *Samley Realty Co., supra.*) In *Preiss* v. *O'Donohue* (173 App. Div. 121), where the plaintiff was injured by the fall of a passenger elevator, an examination before trial was allowed to the extent of showing the defendant's knowledge that the car was out of repair at and immediately prior to the time of the accident. In *West* v. *Coney Island & B. R. R. Co.* (126 Misc. 674) plaintiff was allowed to examine defendant's motorman as to the defective condition of the brakes and appliances. In the case of *Strong* v. *Rice* (N. Y. L. J. Jan. 6, 1927, vol. 76, p. 1530), the action being against a dentist for malpractice, Mr. Justice CRAIN said: " It sometimes happens that the patient does not know the details of what was done, and where this is so it presents what may be called an unusual circumstance, justifying a wider examination than would ordinarily be allowed in a tort action."

In *Kessler* v. *North River Realty Co.* (169 App. Div. 814) the action was by a tenant against the owner of a tenement house for negligence in permitting a stair carpet to become worn and dangerous. The court held that the plaintiff was " entitled to examine defendant for the purpose of showing, if she can, that it had notice of the defective condition of the stairway."

The limited examination sought in the instant case comes squarely within the ruling in *Kessler* v. *North River Realty Co. (supra)*. It is confined to a matter concerning which, as a practical proposition, the plaintiff can have no knowledge; and if we are to consider that rather vague, but always to be reckoned with, element of public policy, the examination herein sought should be favored rather than frowned upon.

The motion to vacate item 3 of the notice of examination will, therefore, be denied. Let the examination, limited to that item, proceed at Special Term, Part II, of this court, on March 14, 1927, at two P. M.

Order signed.