MARY KRUMEICH, Plaintiff, *v.* ADOLPH H. SUNDELSON, Defendant.

City Court of New York, County of Bronx, December 19, 1927.

**Depositions — examination of defendant before trial — plaintiff, burned by application of violet rays, may examine defendant physician who gave treatment.**

Plaintiff, who was burned by the application of violet rays, is entitled to examine defendant physician who supervised the application of the rays, where it appears that he is the only physician available who has knowledge of her injuries, and particularly where the examination is not sought to pry into the defendant's defense, but to elicit information as to whether or not in administering the treatment different from that prescribed for her by the physician who referred her to him, he inflicted upon her the injuries of which she complains.

MOTION to vacate a notice served for the examination of the defendant before trial.

*Lloyd Paul Stryker,* for the motion.

*Peter A. Lee,* opposed.

DONNELLY, J.   The plaintiff, who is eighty-two years of age, on August 23, 1926, went to the Hospital for Joint Diseases in New York city to be treated for ulcers of the leg.   There she received from Dr. Pisko, one of the attending physicians and surgeons of the hospital, a prescription requiring the application of violet rays to her leg, by what is described as an Alpine lamp, for seven minutes at a distance between lamp and leg of twenty-seven inches.   This prescription she gave to the defendant, to whom she was referred, who read it, and supervised the application of the rays; but who, it is charged, placed the lamp at a distance of only six inches from her leg and went away, leaving the plaintiff in that position for three or four minutes, until the defendant was sent for and came and removed the lamp.   It is also alleged in the affidavit of plaintiff's attorney and not denied by defendant, that there was furnished to defendant's counsel a certificate by Dr. I. Palais, stating that he treated the plaintiff on August 25, 1926, for first and second degree burns of the right leg extending from the back of the knee down to the heel, the posterior aspect of the leg being affected and the treatment extending over two and one-half weeks.   The defendant in his answer denies that he has any knowledge or information sufficient to form a belief as to the allegations in the 10th paragraph of the complaint which set forth the prescription given to plaintiff by Dr. Pisko as heretofore stated, but in the following paragraph of his answer the defendant admits " that the plaintiff herein was referred to him by one Dr. Pisko for Alpine lamp treatment, and this defendant as a duly licensed physician and surgeon *rendered said treatment* to the plaintiff."

While it is true that the Appellate Division in this department has apparently established an exception to the law granting examination of defendants before trial on the issues and that exception applies to accident cases (*Shaw* v. *Samley Realty Co., Inc.,* 201 App. Div. 433 and cases cited), I think there is a distinction between the cases put into the exceptional class and this particular malpractice case.   I am not made aware that this class of cases has been included in that exception.   In the instant case unusual circumstances are presented which require, at least within the limits herein indicated, the examination before trial of this defendant. It is alleged by plaintiff's attorney and not denied, that although he has requested several physicians to make the necessary investigation in this case so as to be prepared to testify, they have one and all declined.   And defendant's attorney, who is counsel for

the County Medical Society, makes no denial of the statement by plaintiff's attorney that it is impossible to get one reputable physician to testify against another in a case of this kind. Moreover, the examination is not sought, as I view it, to pry into the defendant's defense, but to elicit a fact from the defendant, who appears to be the only one available who has knowledge thereof, namely, as to whether or not the defendant, in administering to plaintiff treatment different from that prescribed for her by the physician who referred her to the defendant, inflicted upon her the injuries of which she complains. The motion is granted to the extent of eliminating from the notice, after the words " six inches or thereabouts," the words " would be unskillful, harmful and negligent " and by eliminating after the words " would necessarily inflict," the words " severe and painful." In all other respects the motion is denied and the examination directed to proceed at Special Term of this court on December 27, 1927, at ten A. M. Order filed.