MARY KRUMEICH, Respondent, v. ADOLPH H. SUNDELSON, Appellant.

Supreme Court, Appellate Term, First Department, May 31, 1928.

Depositions — examination of defendant before trial — notice requiring physician's examination before trial, vacated, where other physicians examined plaintiff while under treatment — medical knowledge not essential.

A notice requiring defendant, a physician, to be examined before trial, should be vacated, where one or more physicians, other than defendant, examined plaintiff at or about the time she was under treatment.

Furthermore, it does not seem that medical knowledge is essential to the expression of an opinion as to the danger of exposing the human body to alpine lamp rays within certain distances, which is the point in question.

APPEAL by defendant from so much of an order of the City Court of the city of New York, Bronx county, as denies upon reargument defendant's motion to vacate an order denying his motion to vacate notice for defendant's examination before trial and to vacate said notice.

*Lloyd Paul Stryker*, for the appellant.

*Peter A. Lee*, for the respondent.

PER CURIAM.    Assuming that " unusual circumstances," referred to by the Appellate Division in *Shaw* v. *Samley Realty Co.* (201 App. Div. 433), would be presented in a case where plaintiff would be unable to prove a cause of action without an examination of the defendant, we are not satisfied that such inability exists here. Medical knowledge would not seem to be essential to the expression of an opinion as to the danger of exposing the human body to alpine lamp rays within certain distances, and it affirmatively appears that one or more physicians other than the defendant examined plaintiff at or about the time of the treatment.

Order reversed, with disbursements, and motion granted.

All concur; present, DELEHANTY, LYDON and LEVY, JJ.