PECK COAL CORPORATION, Appellant, v. FRANK G. FOWLER, Respondent.— Order reversed upon the law and the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, examination to proceed on five days' notice at the place and hour stated in the notice of examination. The items with respect to which an examination of defendant is sought relate to matters as to which the plaintiff has the affirmative and the plaintiff was, under the circumstances, entitled to the examination. The fact that the plaintiff has knowledge of matters sought to be elicited by the examination is no reason for denying it. (*McGrath* v. *Blumenthal*, 220 App. Div. 781.) Lazansky, P. J., Rich, Young, Hagarty and Carswell, JJ., concur.

KATE L. PECK, Respondent, v. NEW JERSEY AND NEW YORK RAILROAD COMPANY, Appellant.— Judgment modified by eliminating from paragraph numbered 2 thereof the word " forever," and as so modified unanimously affirmed, with costs to respondent. Conclusion of law numbered II is modified by eliminating therefrom the word " forever." Conditions may so change as to make a private bridge unnecessary. Present — Lazansky, P. J., Rich, Young, Hagarty and Carswell, JJ.

PRESIDENT AND DIRECTORS OF THE MANHATTAN COMPANY, Respondent, v. ABRAHAM SCHATTNER and JONSCHATT STATIONERY & CIGAR Co., INC., Defendants, Impleaded with JOSEPH SCHATTNER, Appellant.— Order denying motion of Joseph Schattner, appearing specially, to vacate service of summons upon defendants and also to vacate order directing substituted service affirmed, with ten dollars costs and disbursements. No opinion. Young. Rich, Hagarty Carswell and Scudder, JJ., concur.

PRISCO & SOVERIO, INC., Appellant, v. SERVICE BOND AND MORTGAGE CORPORATION and Others, Defendants, and ESTHER BIRNER and Others, Respondents. — Order, so far as appealed from, reversed upon the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to answer within ten days from service of a copy of the order herein. The complaint states a sufficient cause of action against all the defendants to set aside transfers made by defendant Service Bond and Mortgage Corporation to the other defendants in fraud of plaintiff as a judgment creditor. No permission to institute the action was necessary, and section 1078 of the Civil Practice Act has no application to a deficiency judgment in a foreclosure action. (*Leighton* v. *Leighton Lea Assn.*, 62 Misc. 73.) Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ., concur.