JULIA SCHONHOUS, Plaintiff, *v.* JOSEPH WEINER, Defendant.

Supreme Court, New York County, July 31, 1930.

*Lloyd Paul Stryker,* for the plaintiff.

*Fink & Frank,* for the defendant.

COLLINS, J. This motion presents the frequently perplexing problem of the right to examine an adverse party before trial in a tort action. The perplexity arises because, despite the broad and liberal provisions of the statutory law which authorizes examinations before trial without regard to the nature of the action, the Appellate Division for the First Department has declared that, whilst the power to allow general examinations in tort actions exists, the power is not to be employed in " ordinary actions " unless " unusual circumstances " are present. The Appellate Division created the exception " in the exercise of its judicial discretion," impelled by " public policy." (*Shaw* v. *Samley Realty Co.,* 201 App. Div. 433, 435; *Wood* v. *Hoffman Co.,* 121 id. 636.) And it has held that the liberalizing influence of the Civil Practice Act leaves this exception unaffected. (*Shaw* v. *Samley Realty Co., supra.*) Arrayed against this policy is the Second Department (*Buehler* v. *Bush,* 200 App. Div. 206; *Middleton* v. *Boardman,* 210 id. 467; *Storm* v. *Gair,* 212 id. 829; *Major* v. *Coles,* 216 id. 766) and the Third Department (*Combes* v. *Maas,* 209 id. 330). The Court of Appeals has declined to review the question on the ground that it " rests in the discretion of the Supreme Court and, therefore, cannot be reviewed " by the Court of Appeals. (*Middleton* v. *Boardman,* 240 N. Y. 552, 553.) Such declination was in confirmation of the views expressed by that court in *Jenkins* v. *Putnam* (106 N. Y. 272) where (at p. 276) it was observed of examination before trial: " It is one of those matters of practice and procedure which should always be left to the discretion of the court of original jurisdiction, and its decision should not be reviewed here unless it appears from its order that

the decision was placed upon some ground of law not involving discretion."

The policy of limitation announced by the First Department recognizes exceptions. When ownership or control has been put in issue an examination thereon has been permitted. (*Shaw* v. *Samley Realty Co., supra.*) In *Preiss* v. *O'Donohue* (173 App. Div. 121) an examination before trial was allowed as to the defendant's knowledge of the condition of an elevator at and immediately prior to the time of the accident. In *Kessler* v. *North River Realty Co.* (169 App. Div. 814, 816) the tenant in an action against the owner of a tenement house for negligence in permitting a stair carpet to become worn and dangerous was allowed to examine the defendant " for the purpose of showing, if she can, that it had notice of the defective condition of the stairway." In *West* v. *Coney Island & Brooklyn R. Co.* (126 Misc. 674) Mr. Justice Levy allowed an examination of defendant's motorman " to prove the defective condition of the brakes and appliances." In *Palmer* v. *Hampton* (129 Misc. 417, 419) Mr. Justice Shientag permitted an examination before trial of the defendant as to her knowledge concerning the vicious propensities of her dog, because such examination related to a matter of which, " as a practical proposition, the plaintiff can have no knowledge." In *Laurino* v. *Pratt* (222 App. Div. 742) the Special Term had vacated a notice for an examination before trial as being a general examination in a tort action. Modifying such order, the First Department allowed " an examination of the defendant before trial upon the following matters and issues:

" 1. That the plaintiff submitted to treatment and operation on her nose by the defendant during the months of March and April, 1925, and the character and details of such treatment and operation.

" 2. That the plaintiff submitted to further operation and treatment in July, 1925, by the defendant and the nature and details of such operation and treatment."

There is discernible in the *Laurino* case a tendency to soften the vigor of the earlier decisions. In *Krumeich* v. *Sundelson* (132 Misc. 292) the Appellate Term of the First Department indicated that " unusual circumstances " (referred to in *Shaw* v. *Samley Realty Co., supra*) " would be presented in a case where plaintiff would be unable to prove a cause of action without an examination of the defendant. * * * " In *Strong* v. *Rice* (N. Y. L. J. Jan. 6, 1927) Mr. Justice Crain, in a suit against a dentist for malpractice, held:* " It sometimes happens that the patient does not

---

* Per memorandum on motion.

know the details of what was done, and where this is so it presents what may be called an unusual circumstance justifying a wider examination than would ordinarily be allowed in a tort action."

The plaintiff in the present case sues a physician for malpractice, claiming that after performing an operation upon her he negligently permitted a piece of gauze to remain in her abdominal cavity. Her affidavit shows that at the time of the operation she was under an anæsthetic. Certainly the plaintiff cannot know what the defendant did. She contends that no other physician will testify against the defendant, and that she cannot elicit the proof she seeks and must establish other than by an examination of the defendant before trial. The proposed examination is upon matters concerning which the plaintiff has the affirmative. That it is necessary and material can hardly be controverted. There is no basis for questioning the plaintiff's good faith. Indeed the defendant does not seriously challenge it unless the denial of the necessity for the examination be a challenge. Mainly the defendant relies upon the rulings of the First Department above referred to. I cannot conceive that the Appellate Division intended to strip the Special Term of all discretion in passing upon examinations before trial in tort actions. Certainly the wholesale disposition in advance of examinations in this character of cases was never contemplated. A more reasonable and just interpretation of the decisions is that they indicate the dangers which promiscuous examinations in tort cases offer, and sound a warning that such examinations are to be cautiously and judiciously permitted. No inflexible rule was proposed. (*Shaw* v. *Samley Realty Co., supra.*)

Our policy of allowing examinations before trial invites a belief in the wisdom and efficacy of such examinations in the administration of justice. This belief was emphasized when the Civil Practice Act simplified the procedure regarding examinations by placing the burden upon the party sought to be examined of convincing the court that the examination should not be had. That examinations before trial are helpful in discovering the truth, in clarifying the issues, and in facilitating the disposition of litigation is undeniable. Care should be taken not to fritter away by exceptions and limitations this salutary device. That the weapon is abused and is often utilized to annoy and harass and to compel settlements is likewise undeniable. But many instrumentalities for good can be twisted into instrumentalities for harm. A remedy should not be withheld in a case for fear that its invocation in another case might operate unjustly. The courts can be trusted to treat each case as its peculiar facts warrant. I am persuaded that the plaintiff is entitled to the examination here sought as to items 1 and 2. As

to item 3 the examination is denied, since the plaintiff herself swears that it was another physician who extracted and removed the gauze. Nor is the examination of this defendant necessary to establish item 4. (*Krumeich* v. *Sundelson, supra.*)

Motion disposed of as indicated. Examination to proceed on August fourth at hour and place specified in the notice.