JOHN J. MAHER, Plaintiff, *v.* ORANGE AND ROCKLAND ELECTRIC COMPANY, Defendant.

Supreme Court, Rockland County, September 1, 1931.

*George Link, Jr.,* for the plaintiff.

*John P. Smith* [*Mortimer B. Patterson* of counsel], for the defendant.

WITSCHIEF, J. The plaintiff administrator seeks to take the testimony of the defendant before trial regarding fourteen matters specified in the notice of examination. It is admitted in the pleadings that the defendant maintained certain electric light poles and wires at or near the parochial schoolhouse on Cozzens avenue in Highland Falls, N. Y., for the purpose of supplying electric current for light and power, and that one or more of said wires maintained by it carried an electric current of about 2,200 volts. It is denied that the electric current transmitted by the defendant's wires is a dangerous and death-dealing current, and there is a general denial of negligence in the construction and maintenance of the pole line.

The Appellate Divisions in the different departments do not agree regarding examinations before trial in negligence cases. The Appellate Division in the First Department holds that there should not be a general examination before trial in a negligence action unless unusual circumstances are present. (*Shaw* v. *Samley Realty Co.,* 201 App. Div. 433.)

The Appellate Division in the Second Department has adopted a more liberal rule. (*Storm* v. *Gair,* 212 App. Div. 829.) As also has the Third Department. (*Combes* v. *Maas,* 209 App. Div. 330.)

The Court of Appeals has held that the matter rests in the

discretion of the Supreme Court and is not reviewable in the Court of Appeals. (*Middleton* v. *Boardman*, 240 N. Y. 552.)

It is the duty of the courts in the Second Department to follow the Appellate Division in that department. Even under the rule in the First Department there are unusual circumstances in this case, arising from the fact that plaintiff's intestate died as the result of his injuries as claimed, so that his testimony is not available.

Nor does the fact that plaintiff already has knowledge of some of the matters sought to be elicited by the examination of the defendant, justify a refusal of the examination. (*Peck Coal Corporation* v. *Fowler*, 230 App. Div. 713.)

It is, therefore, concluded that under the rule in this department the plaintiff is entitled to examine the defendant regarding the matters referred to in the notice of examination. It is not apparent how the matters referred to in the 6th and 10th paragraphs will apply to plaintiff's cause of action, but in a death case a more liberal rule ought to be applied than in an ordinary case.

It was agreed between counsel that the examination would proceed at Nyack, N. Y., before a notary public on a date to be agreed upon. If the parties are unable to agree, an order will be made fixing the time and place for the examination.