Max Davidson, Plaintiff, *v.* Simon Newman and Another, Defendants.

Supreme Court, Kings County, May 9, 1932.

*Hays, Hershfield, Kaufman & Schwabacher* [*Jacob Stein* and *Hyman N. Glickstein* of counsel], for the plaintiff.

*Ireland, Caverly & Hendrickson,* for the defendants.

Johnston, J. Plaintiff, a pedestrian, seeks to examine the defendant Cobb, the operator of an automobile, as to the circumstances of the accident in which he was injured. There is a conflict of opinion in the First, Second and Third Departments on the subject of examination of a party before trial in a negligence action. The First Department, while recognizing the power to grant general examinations in tort actions, held that it should not ordinarily be exercised. (*Griffin* v. *Cunard Steamship Co., Ltd.,* 159 App. Div. 453; *Bruhl* v. *Nedwell,* 164 id. 932; *Shaw* v. *Samley Realty Co.,* 201

id. 433.) The Third Department has held that a general examination before trial of an adverse party may be had in a tort action and the order need not limit the examination to an issue of which the moving party has the affirmative. (*Combes* v. *Maas*, 209 App. Div. 331.) The Second Department has held that " the fact that the action is in tort is not regarded as a ground for limiting the examination in any way." (*Middleton* v. *Boardman*, 210 App. Div. 467.) (See, also, *Miller* v. *N. Y. R. T. Corp.*, 218 App. Div. 856.) In view of this conflict the question was certified to the Court of Appeals in the *Middleton* case, but the appeal was dismissed on the ground that the question is one which rests in the discretion of the Supreme Court. (*Middleton* v. *Boardman*, 240 N. Y. 552.) I am constrained to follow the rule in this department. Moreover, in the instant case there are special circumstances why the examination should be had. The plaintiff was rendered unconscious by and remained so for some time after the accident. (See *Swift* v. *General Baking Co.*, 129 Misc. 135.) Motion granted. Settle order on notice.