FISHER *v.* SMITH.

DISCOVERY—EXAMINATION BEFORE FILING DECLARATION APPLICABLE TO TORT ACTIONS—COURT RULES.

Court Rule No. 41 permits examination of defendant, after commencement of action by summons and before filing declaration, and is applicable to actions in tort.

Appeal from Clinton; Searl (Kelly S.), J. Submitted April 26, 1932. (Calendar No. 35,888.) Decided June 6, 1932.

Action by Bertha M. Fisher, as administratrix of the estate of Max Fisher, deceased, against Archie W. Smith for damages occasioned by death of plaintiff's decedent. On motion to vacate notice for discovery. From order denying motion, defendant appeals. Affirmed.

*Fehling & Parmenter,* for appellant.

Wiest, J. This appeal, in the nature of mandámus, brings to decision the question of the right of plaintiff to have an examination of defendant under Court Rule No. 41, upon taking out a summons in an action for tort, and before filing a declaration. The rule provides:

"Section 1. Any party to an action or suit may cause to be taken by deposition according to the practice regulating the taking of depositions, at any time after action commenced and before trial, the testimony of any other party, or any person who has verified a pleading of another party, which is material and necessary in the prosecution or defense of the action or suit. * * *

"Sec. 3. The notice of taking such deposition shall include a statement as to the matters upon which such persons are to be examined. Such notice shall operate as an order.

"Sec. 4. Any question as to the right to take the testimony of such party, * * * may be raised by a motion to vacate or modify the notice. Such motion may be supported by affidavits and opposed by counter-affidavits."

The notice served upon defendant contained a statement of the matters upon which discovery was desired. The action was commenced by summons, the notice under the rule was given before the declaration was filed and plaintiff claimed that discovery was essential in order to prepare a declaration.

The action was brought to recover damages occasioned by the death of plaintiff's decedent, while employed by defendant in sawing wood with a buzz saw. Defendant moved the court to vacate the notice. This the court refused to do, holding that the right was within the rule, but the examination

should be restricted to the matter set forth in the notice.

The rule is new in this jurisdiction, and, in substance, appears to have been taken from the civil practice act of the State of New York, with some change in phraseology. See New York Civil Practice (5th Ed.), art. 29, § 288 *et seq.*

The question of whether there can be such an examination in an action for tort has been the subject of much controversy among the appellate divisions of the supreme court in the State of New York.

In *Middleton* v. *Boardman,* 210 App. Div. 467 (206 N. Y. Supp. 725), on account of this diversity of opinion, leave to appeal to the court of appeals was granted. In the court of appeals, 240 N. Y. 552 (148 N. E. 701), the appeal was dismissed on the ground that the answer to the question rested in the discretion of the supreme court, and, therefore, could not be reviewed. This holding did not at all clear up the point.

In *Schonhous* v. *Weiner,* 138 Misc. Rep. 759 (246 N. Y. Supp. 73), the perplexity, occasioned by our rule, is mentioned, and the conflicting authorities in New York State cited.

In *Middleton* v. *Boardman, supra,* it was held that the examination of the adverse party before trial was not limited because the action was in tort. See, also, to the same effect, *Schonhous* v. *Weiner, supra; Palmer* v. *Hampton,* 129 Misc. Rep. 417 (220 N. Y. Supp. 768). But, *contra,* see *Shaw* v. *Samley Realty Co., Inc.,* 201 App. Div. 433 (194 N. Y. Supp. 531), and cases there cited.

In *Maher* v. *Orange & Rockland Elec. Co.,* 141 Misc. Rep. 573 (252 N. Y. Supp. 459), it was held, quoting syllabus:

"Plaintiff suing electric company for injuries resulting in death caused by electric company's negli-

gence in construction and maintenance of poles and wires held entitled to examine defendant before trial.''

In *Lockwood* v. *Merchants' Despatch Transp. Co.*, 142 Misc. Rep. 470 (254 N. Y. Supp. 573), an action was brought to recover damages for negligence causing the death of plaintiff's decedent. It was claimed that plaintiff was not familiar with the apparatus, machinery, and safety devices involved in the work in which the decedent was engaged, or with the conditions under which he worked, and plaintiff asked for an examination in order to enable the framing of a complaint. The court stated:

''There is authority, under the present practice, as there was under the old practice, to have an examination before trial in a proper case, in order to frame a complaint. Such an examination, however, will be permitted only where the plaintiff desires it for the purpose of stating, with sufficient definiteness and certainty, a good complaint.''

In *Noble* v. *Copake Lake Pure Ice & Water Corp.*, 129 Misc. Rep. 445 (222 N. Y. Supp. 367), it was held, quoting syllabus:

''Examination of defendant before trial, under civil practice act, §§ 288, 291, may be had before issues have been joined, if court can see what the issues are.''

In *Smith* v. *Wooding*, 177 N. C. 546 (94 S. E. 404, L. R. A. 1918C, 588), the question was whether defendant could be examined under the statute for the purpose of enabling the other party to file his pleading, or whether the provision of the statute should be confined, in its operation, to evidence merely to be used or not at the trial and to be taken after the pleadings are filed, or, at least, after the complaint

has been filed showing what is the cause of action. It was held, quoting syllabus:

"The plaintiff in an action for injuries by alleged neglect of a physician may, under Revisal 1905, § 866, providing that an examination of a defendant may be had at any time before the trial, have an examination of defendant to aid him in filing his complaint, where he alleges that he knows the facts generally and substantially, but that defendant has the precise knowledge necessary for proper proceedings."

The rule permits an examination, after commencement of suit by summons and before filing the declaration, and applies to actions in tort.

The order refusing vacation of the notice is affirmed, with costs to plaintiff.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.