VINCENT *v.* VAN BLOOYS.

DISCOVERY—COURT RULE.

> Where there was delay of nearly three years in bringing action against landlord for injuries to tenant alleged to have been caused by fall on icy path on leased premises, landlord, who had no previous knowledge of accident, is entitled to order for discovery to enable her to prepare for trial (Court Rule No. 41 [1931]).

Appeal from Kent; Verdier (Leonard D.), J. Submitted April 25, 1933. (Calendar No. 37,166.) Decided May 16, 1933.

Action by Theoda S. Vincent, administratrix of the estate of Philander Carpenter, deceased, against Anna Van Blooys for personal injuries alleged to have been caused by failure to keep leased premises in a safe condition. On motion of defendant for discovery under Court Rule No. 41 (1931). From order vacating order of discovery, defendant appeals. Reversed.

*G. Douglas Clapperton* and *Willis B. Perkins, Jr.,* for plaintiff.

*Steketee & Steketee* and *Dunham & Allaben,* for defendant.

FEAD, J. This is appeal (mandamus) to review an order setting aside proceedings for discovery instituted by defendant under Court Rule No. 41 (1931) to enable her to plead to the declaration and prepare for trial.

The declaration alleges in substance that defendant owned an apartment building in Grand Rapids; that decedent was her tenant; that the premises had outdoor toilets, reached by a path from the apartment house; that water came down from a hill back of the lot and made the path icy in cold weather; that defendant assumed the duty to keep the path sanded, free from ice and safe; that while decedent was returning to the apartment building from the toilet on November 23, 1929, he slipped on the ice, which defendant had neglected to sand or keep from getting slippery, injured himself, and died in a few hours.

The action was commenced three years later, one day before the suit would have been barred by the statute of limitations. Defendant gave notice to take plaintiff's deposition to be cross-examined on the specific time, exact place, manner of happening, cause and reason, and all other facts constituting the *res gestœ,* of the alleged accident and the familiarity of decedent with the place.

In answer to motion to set aside the discovery proceeding, defendant deposed that she had had no inkling of a claim that deceased had been injured through her negligence; that, by certain public improvements, the hill had been removed and the physical conditions of the premises so changed that she did not remember their appearance three years before; that she had no personal knowledge of the facts and claims made in the declaration; that she had made inquiry but was unable to get information, and she cannot determine how to plead nor to proceed to trial without an examination of plaintiff. Plaintiff filed counter affidavit of decedent's widow that she had delayed action because defendant had threatened her with physical violence and death if she brought suit.

Rule No. 41 was adopted from the New York practice, and plaintiff contends the construction of courts of that State were adopted with it, particularly the ruling that defendant may have an examination to prove his own case only, *i. e.*, his affirmative defenses. As the court of appeals of New York has not outlined the practice, but has held it discretionary with the supreme courts (*Middleton* v. *Boardman*, 240 N. Y. 553 [148 N. E. 701]), and the appellate divisions of the supreme courts are in conflict in many respects (*Maher* v. *Orange & Rockland Electric Co.*, 141 Misc. 573 [252 N. Y. Supp. 459]), including the right to general examination in tort cases (*Fisher* v. *Smith*, 259 Mich. 279, Ragland on Discovery Before Trial, p. 126), and the case concerns a rule of court, not a statute, and the rule is an experiment in this State, no discourtesy can be imputed to this court for failing to find and follow a precedent from the New York conflict.

Mr. Ragland adduces evidence of the advisability of a liberal construction (page 130). This court, speaking through Mr. Justice Wiest, has departed from the narrow New York construction, and has taken the broader trail. *Nestle* v. *Fleming*, 262 Mich. 417.

Aside from its advantage to a party in discovering the opponent's claim, the rule has a public purpose which should be served in its interpretation, arising from reducing the time of the trial by narrowing the issues, obtaining admissions of fact, fixing the claims of the parties when the incidents are fresh in their minds, and otherwise fostering accuracy and celerity of trial, and also from inducing settlements, which are made more easy when the respective claims are known. A rather liberal construction will obviate the necessity for taking the

time of the court in haggling over the limitations of the examination. Experience will disclose the evils which may develop and suggest the remedy.

What is material and necessary to the defense of the action?

A defendant may have no counter attack in the nature of affirmative defense. His defense may be only by way of breaking down the plaintiff's case. To make a defense, it is necessary that defendant know the specific claims of the plaintiff.

It is true the claims of plaintiff in the action at bar are quite fully set up in the declaration. But declarations are easily amended. Allegations and proof do not always coincide exactly. Sworn statements of fact are not so easily changed. The long delay in bringing suit makes discovery particularly appropriate here in order that the defendant may ascertain the precise claims of the plaintiff, particularly as to the duty of defendant to keep the path safe, the manner in which she breached her duty, and the care exercised by decedent. It is apparent these are matters of which defendant may not have knowledge and which she ought to know in order to determine whether she has a defense, and, if so, to make preparation to present it.

The order will be set aside, with costs.

McDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.