ANNA HUBER, Plaintiff, *v.* BROADWAY MAINTENANCE CORPORATION, Defendant.

City Court of New York, Special Term, Bronx County, February 26, 1943.

*Harry M. Goodman* for plaintiff.

*E. C. Sherwood* for defendant.

EVANS, J. Application for an examination before trial, in a personal injury case, of a defendant, which is a private corporation. It is opposed, because the examination is sought for the purpose of proving negligence on the part of defendant, and the moving affidavit states no special circumstances for the examination within the rule of *Shaw* v. *Samley* (201 App. Div. 433).

The question, therefore, is squarely presented as to what is the intent of section 292-a of the Civil Practice Act. Some hold that its purpose is merely to allow the examination before trial of public corporations, heretofore forbidden (*Davidson* v. *City of New York,* 221 N. Y. 487), and that only as to public corporations, examinations may be allowed on the question of negligence, thus leaving private corporations and individuals still within the rule of *Shaw* v. *Samley* (*supra*). If that is its entire purpose, then a most unfair distinction is made by the Legislature. Thus construed, it means that, in the First Department, public corporations may be subjected to general examinations in negligence cases, while private corporations and individuals enjoy a degree of immunity from such examinations. The result of such a construction would further mean that, in three of the four departments, both public and private corporations and individuals would be treated quite equally, but that, in the First Department, private corporations and individuals would enjoy

an exemption that is not allowed to public corporations. There is no basis, in reason, for such a construction of the statute. The statute is divided into two parts, each consisting of one sentence, and each declaring a separate purpose. The first part subjects public corporations to examinations before trial, putting them on an equal footing with private corporations and individuals, in that respect. The second part does away with so much of the rule in *Shaw* v. *Samley* (*supra*) as declares that it is against public policy to allow general examinations before trial in negligence cases, thus putting all the four departments in harmony with each other.

That the latter construction is correct and reasonable may be gathered from the declared purpose of the originators of the legislation. It was fathered by the Judicial Council, an official agency of the State. In its Eighth Annual Report [1942] (Legis. Doc. [1942] No. 16), it is said on page 18: " The last sentence of section 292-a is designed to make clear that, in this type of case at least, there is no ground of public policy for refusing to permit a general examination in negligence actions. Three of the four judicial departments have so held and the practice is thus made uniform in all four departments."

The report of the Judicial Council spoke of the original enactment of section 292-a of the Civil Practice Act (L. 1941, ch. 921). In its amended form (L. 1942, ch. 830), the intent of the statute has not been changed although its scope has been widened as to the first purpose of the statute.

The legislative declaration thus means that the public policy established, in the First Department, since *Wood* v. *Hoffman Co.* (121 App. Div. 636), shall not be the ground for refusing general examinations before trial in negligence cases, and, in that respect, *Shaw* v. *Samley* (*supra*) is no longer the law.

But all this does not mean that courts are compelled to grant general examinations as to negligence, regardless of the necessity and propriety in each case. Discretion in each case must still be exercised. Section 292-a has not deprived courts of their right and duty to examine the purpose of each examination and to decide whether sound discretion requires the granting or refusal of it or any part thereof.

Item 1 is granted on consent. Item 3 is so broad and uncertain that to grant it would allow a general fishing expedition and, as a matter of discretion, it is denied. Item 2 is granted.