LUCILLE J. CARNEY, Appellant, v. JOHN R. BARES et al., Copartners under the Name of JOHN R. BARES COMPANY, Defendants, and VAILLANT-DAUVERGNE, INC., Defendant-Respondent.

First Department, December 21, 1943.

*J. Neil Senecal* of counsel (*Gregory S. Rivkins* with him on the brief; *Hill, Rivkins & Middleton,* attorneys), for appellant.

*Joseph Haskell* for respondent.

*Per Curiam.* The action is one for breach of a contract of bailment and for conversion. The pleadings disclose that the transaction complained of involves a failure to return a diamond bracelet delivered to defendant, John R. Bares Company, for cleaning and repairs. The Bares Company, in turn, gave the bracelet to defendant, Vaillant-Dauvergne, Inc., to have the repair work done. Defendants' answers plead that the loss of the bracelet was due to theft from Vaillant-Dauvergne, Inc., without its fault.

Plaintiff sought leave to examine Vaillant-Dauvergne, Inc., as to the circumstances of the theft, and the value of the bracelet. This examination has been denied by the order appealed from.

We deem that this ruling was erroneous. Even though an examination concerning the circumstances of the theft might resolve itself into an inquiry as to the bailee's negligence, such examination would, nevertheless, seem proper under the present circumstances. The rule prevailing in this Department that examinations before trial are not favored in actions for negligent injury (see *Shaw* v. *Samley Realty Co., Inc.,* 201 App. Div. 433) is subject to the exception that, on proof of special circumstances showing the necessity therefor, such examination would be granted. Here the circumstances surrounding the loss are wholly within the knowledge of the bailee. Plaintiff has the ultimate burden of showing that the theft occurred through the bailee's negligence. (*Claflin* v. *Meyer,* 75 N. Y. 260.) Without an examination, plaintiff could not possibly be informed of the manner in which the bailed goods were stored and what respondent did with respect to caring for the property.

As to the value of the bracelet, plaintiff should be permitted to prove same by testimony of defendants, if she can do so. That defendants gave a receipt stating a purported value would not bar this right.

The order should be reversed, with twenty dollars costs and disbursements, and the motion to modify the notice of examination denied.

TOWNLEY, GLENNON, DORE, COHN and CALLAHAN, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and motion denied. The date for the examination to proceed to be fixed in the order. Settle order on notice.