AL BRAFF et al., Copartners Doing Business as BRAFF, LEIDNER & EISENSTADT, Plaintiffs, *v.* PRISCILLA FASHIONS, INC., Defendant.

City Court of the City of New York, Special Term, New York County, August 18, 1948.

*Schaeffer & Sheldon* for plaintiffs.

*Milton P. Kinsey* for defendant.

PARELLA, J. The rule prevailing in this department that examinations before trial are not favored in actions for negligent injury is subject to the recognized exception that, on proof of special circumstances showing the necessity therefor, such examination will be granted. Within the exception referred to, most liberal examinations have been granted in these water damage cases. (*Whelkin Coat Co.* v. *Sun Ray Coat Co.*, N. Y. L. J., Feb. 25, 1946, p. 750, col. 1, which contains an excellent set of items of the type on which examination has often been allowed; *Georges Marie Binon, Inc.*, v. *N. Y. Lumber & Panel Co.*, N. Y. L. J., April 12, 1947, p. 1431, col. 6; cf. *Carney* v. *Bares,* 267 App. Div. 175.)

Defendant recognizes that broad and liberal examinations are the trend today but points out that the notice of motion contained only two items and that item 2 is so broad and amorphous that it might permit an unlimited examination of such proportions as to be nothing more than a fishing expedition. In this the defendant is correct. The motion is, therefore, denied, without prejudice to renewal, upon proper and more definite items formulated within the framework of the pleadings herein.

Attention is directed generally to the important recent decision in *Dorros, Inc.,* v. *Dorros Bros.* (274 App. Div. 11) which, while it related primarily to commercial actions, had this to say, at page 14, which is applicable to all types of actions: " As a matter of administration, examinations should be arranged between the parties on a professional basis, and resort to the court by motion or objection should be had only when a serious question is raised as to the good faith, legitimate purpose or reasonable scope of the examination."

Before any new motion is made herein, counsel will communicate with each other as suggested above and attempt in good faith to work out proper items for examination herein.